Booth v. McQueen.

SUSANNAH BOOTH v. JAMES McQUEEN.

1d  41
84  450

Douglass.
1 d    41
104    288

A defendant who is found guilty and adjudged the father of a bastard child and chargeable with its maintenance, on complaint under the provisions of Chapter 6, Title 9, Part 1 of the R. S. is not liable for the *costs* of the proceeding.

*Costs* are in consequence of some default, and are not awarded by the common law, but depend entirely upon statutory provisions. Where no authority is given by statute, there can be no taxation.

FELCH, J.   This was a proceeding against the defendant, upon a complaint charging him with being the father of a bastard child, tried at the Eaton Circuit, under the provisions of Chapter 6, Title 9, Part 1 of the R. S. Upon the trial of the cause the jury found the defendant guilty, and an order was thereupon entered adjudging him to be the father of such child, and that he stand chargeable with the maintenance thereof, and pay a specified sum per week, to said Susannah Booth. The only question presented in the case, and which was reserved by the Presiding Judge who tried the cause, is, whether the defendant is liable for costs.

The chapter of the revised statutes above mentioned, which comprises all the provisions of law, in reference to proceedings in cases of affiliation, is entirely silent as to costs. *Costs* are in consequence of some default, and are not awarded by the common law. *Clinton* v. *Strong*, 9 J. R. 370. They depend entirely, with us, upon statutory provisions; and, where no authority is given by the statute, there can be no taxation. Chapter 1, Title 5, Part 3 of the Revised Statutes, contains the general authority by virtue of which costs are taxed in this state. The provisions of this statute give costs to the plaintiff, whenever he shall recover judgment in any action or proceeding at law, in any court of record, in the cases there enumerated.

The proceedings in cases of affiliation, are of a peculiar character, defined by the act by which they are given, and clearly not within the cases enumerated in the chapter relative to costs and fees, above mentioned. There being, then, no statutory provision authorising the Circuit Court to award costs against the defendant, the plaintiff's motion for such taxation must be denied.