JAMES W. GARFIELD, Appellant, *v.* JOHN G. DOUGLASS, Appellee.

### APPEAL FROM LA SALLE.

The entry of a justice of the peace, in his docket, cannot be controverted by parol testimony ; the record is more trustworthy than parol testimony.

If the justice acts corruptly, he can be made to answer, criminally and civilly.

THIS suit was commenced before a justice of the peace. The plaintiff's cause of action was the following note :

"$100.                                    *La Salle, June 14th,* 1854.

Eight months after date I promise to pay to the order of John Coles, one hundred dollars, without defalcation, for value received, at the Bank of Heman Baldwin.

J. W. GARFIELD."

The note was endorsed to plaintiff. Garfield denied the execution of the note, by plea in writing, under oath, and also insisted that a former suit tried before that time, between same parties, was a bar to this suit. The justice decided in favor of Garfield, and Douglass appealed to the Circuit Court.

Defendant gave in evidence a transcript from the docket of Edwin R. Moffatt, police magistrate of the city of La Salle, in said county, which was as follows :

" JOHN G. DOUGLASS

    *vs.*

JAMES W. GARFIELD.     Nov. 25th, 1855. Summons issued to Robert B. Cogswell, returnable on the 8th day of December, 1855, at 1 o'clock, P. M. Demand, $100 ; M. Neustall, security for costs. Summons returned, served by reading to the within named defendant, this 30th day of November, 1855. R. B. Cogswell, const. December 8th, 1855. Suit called ; parties appear ; plaintiff declared on note of hand, claimed to have been given by defendant to John Cole, dated June 14th, 1854,

and assigned to plaintiff. Defendant made oath, by affidavit, that he did not execute said note, and it appeared in court that the note had been altered. Plaintiff failed to substantiate the contrary. Judgment for defendant is therefore rendered for costs."

Which transcript was certified by the magistrate in due form. The plaintiff's counsel admitted that the note mentioned in said transcript, is the note which has been given in evidence in this suit.

The plaintiff then offered in evidence, a statement of *D. P. Jenkins*, which was as follows; which statement it was agreed should be evidence :

The facts of this cause, so far as I know them, are as follows : On the trial of the first cause between the parties, I acted as attorney for the plaintiff, and brought suit on a promissory note. Defendant, Garfield, appeared and plead *non est factum.* Issue taken on that, and trial had. After hearing the evidence, the court (being E. R. Moffatt, police magistrate of the city of La Salle,) intimated an opinion, or expressed an opinion, in favor of the defendant. Thereupon, as attorney for the plaintiff, I asked for a non-suit, to the granting of which the defendant, by his attorneys, objected, on the ground that it was too late, and after some little discussion, I left, and before any final opinion was announced. Some time after that, I was requested to go to Esq. Moffatt's office, to see what the trouble was about the plaintiff getting an appeal, and I went over and found an appeal bond ready, and understood the objection to receiving it was, that it had not been offered in twenty days. I thereupon examined the docket, and found the twenty days had expired, the judgment having been rendered on or about the 8th day of December, 1855, and it was then about the 1st of January, 1856. I then informed Morris Neustall, the party that was offering to file said appeal bond, that it was of no importance, or something to this effect, as there was a non-suit rendered, and that suit could be brought again on the same note. I had just then examined the docket of the said justice, and found that a non-suit had been entered some few days thereafter. I commenced, or caused to be commenced, another suit on said note, before Nicholas Duncan, another justice of the peace, in La Salle ; and when I was in attendance at Duncan's office, to try said cause, was the next time I saw the cause on the docket of the said E. R. Moffatt, and looking it over, I found the words non-suit had been erased, and the word defendant inserted instead, and perhaps the words for costs added, but I am not sure ; and on trial the said Duncan decided it was not competent for plaintiff to prove the alteration aforesaid, and found in favor of defendant,

from which an appeal was taken, and is the same cause now pending at term of the La Salle Circuit Court, June 11th, 1857.

To the introduction of which testimony the defendant objected; the court overruled the objection, and permitted the paper to be offered in evidence, to which decision the defendant then and there excepted.

Among the errors assigned was the following:

The court erred in admitting the statement of D. P. Jenkins, as evidence.

GLOVER & COOK, for Appellant.

D. L. HOUGH, for Appellee.

CATON, C. J. The entry upon the justice's docket was a judgment in bar; and the policy of the law forbids that parol proof should be admitted to show, that the justice originally entered a judgment of non-suit and afterwards changed it, to a judgment in bar. The record or entry of the justice, is higher and more trust-worthy than any parol evidence can be. If one record is open to be questioned by parol evidence then another must be, and all security and confidence in the stability of records are gone. If the justice corruptly, or from improper motives, changed the original entry made by him, he may be prosecuted both civilly and criminally, but the record must stand as the solemn truth, attesting beyond controversy what the judgment was, which the justice pronounced.

This is not like the case supposed, of an alteration made by another. That would be a forgery and not a record at all, and might be shown as well of a record in this court, as of that. The parol evidence was improperly admitted; for which reason, the judgment must be reversed, and the cause remanded.

*Judgment reversed.*