## BOYNTON *v.* CHAMPLIN.

(April Term, 1867.)

1. REHEARING — *diminution of record*. A suggestion of a diminution of record will not be entertained upon an application for a rehearing.

2. DIMINUTION OF RECORD — *when it will avail*. A defendant in error, to avail himself of a diminution of record, should move for a writ of *certiorari*

before joinder in error, or, in case he has joined in error, should obtain leave to withdraw his joinder for that purpose.

3. AFFIDAVITS will not be received upon an application for a rehearing.

IN this case, upon a hearing at the last term, the judgment of the court below was reversed. At the present term the defendant in error filed his petition for a rehearing, and, among other .grounds in support of his application, sets up an alleged diminution of the record, producing affidavits showing in what the diminution consists.

Per CURIAM: Upon an application for a rehearing, we cannot entertain a suggestion of a diminution of the record, nor can we receive affidavits. To have rendered the alleged diminution availing, the defendant in error should have moved for a writ of *certiorari* before joinder in error, or, having joined in error, he should have asked leave to withdraw his joinder for that purpose. By his joinder in error the defendant admitted the record was complete, and, failing to obtain leave to withdraw his joinder before submitting the cause, he is concluded on that subject. We cannot now consider of matters outside of the record upon which the cause was submitted.*

---

* The same ruling was made in the cases of *Haskins* v. *Haskins* and *Boynton* v. *Robb*, at this term. It was also held, at the same term, in *Wood* v. *Morrison.*