## STEBBINS V. ANTHONY ET AL.

Where the transcript of an amended record shows that notice was given to the opposing counsel of the time when application would be made in the court below for leave to correct the record, and that a copy of the petition in that behalf had been furnished, and the amendment having been made and the cause being still pending in this court, leave will be granted in furtherance of justice, to file the supplemental record, although the cause had been submitted at the previous term.

*Error to Probate Court of Jefferson County.*

APPLICATION to file supplemental record in Supreme Court.

Mr. THOMAS GEORGE and Messrs. BARTELS & BLOOD, for plaintiff in error.

Mr. JOHN Q. CHARLES and Mr. E. L. JOHNSON, for defendants in error.

BECK, J.  This is an application for leave to file the transcript of a supplemental record in this cause.  The application is resisted on the ground that the cause was submitted at the last term, and that briefs and arguments have been filed.  It is likewise suggested that if the motion is to prevail, all previous steps and proceedings in the cause must be set aside, including the joinder in error and submission.

The substance of the objections interposed is, that the application comes too late.  In support of the objections we are cited to certain rulings of the Supreme Court of Illinois, upon applications for writs of *certiorari*, upon suggestions of diminutions of the record.  These rulings establish the practice in that court of permitting the writ to go, if prayed for at the same term at which the cause was submitted.  In such case the submission and joinder in error are set aside upon the suggestions of diminution.  *Steele* v. *The People*, 40 Ill. 59; *Boynton* v. *Champlain*, 40 Ill. 63.

This, however, is not an application for a *certiorari*. No diminution of the record has been suggested. After the submission of the cause at the last term of court, an application was made to the court below, to permit the sheriff to amend his return upon the original writ. Leave was granted, the return amended, and permission is now asked to file the transcript of the amended record in this court.

No opportunity was afforded the defendants in error to apply for a *certiorari* in this case after its submission, for our records show that it was submitted on the last day of the previous term; but no such application was necessary.

In *Rowley* v. *Hughes*, 40 Ill. 71, it was observed that a writ of *certiorari* is not necessary to bring up an additional or amended record, but the party interested in making the amendment can file the same, and it will be considered in connection with the original transcript.

The same court, in *Bergen* v. *Riggs*, *ib.* 61, say: " If it satisfactorily appears to this court that an error has intervened in making up the record below, and that the party aggrieved thereby has not, since its discovery, had an opportunity to apply to that court for its correction, and that justice requires that he should have such opportunity, we will continue the cause so as to give him an opportunity to apply to the court below to have its record amended."

The amendment made was a material one, and if application had been made, even after the submission of the cause, for time to apply in the court below for an amendment of its record, the application would no doubt have been favorably considered, although it would have worked a continuance. The decree sought to be reversed was obtained upon constructive service of process, the defendant being a non-resident. The original return upon the summons failed to show that said writ had been retained by the sheriff until the return day thereof; and it did not contain the true name of the defendant therein. These were the errors sought to be corrected by the amendment.

The transcript of the amended record shows that notice was

given to the opposing counsel of the time when application would be made to the court below for leave to make the correction, and that a copy of the petition in that behalf was likewise furnished him.

The amendment having been made, and the cause being still pending, we are of opinion that it would be in the furtherance of justice to permit the supplemental record to be filed in the cause.

If counsel for plaintiff in error shall deem it necessary, by reason of this amendment, to assign additional errors, or to file an additional brief, they will be permitted to do so upon application.

Application to file the supplemental record allowed.