## GEORGE L. THATCHER

### v.

### ERVIN MAACK.

1. EVIDENCE—JUSTICE'S DOCKET—INTERLINEATIONS.—The docket of a justice of the peace is not within the rule applicable to private writings between individuals which requires explanation of erasures and interlineations. Parol evidence is not admissible to falsify a record by showing that an alteration whereby the record is made correct, was improperly made.

2. PRESUMPTIONS IN FAVOR OF DOCKET.—Where the docket of a justice of the peace shows that the court had jurisdiction of the person and subject-matter, nothing will be intended to be out of his jurisdiction which does not affirmatively appear to be so.

3. IMPEACHING JUDGMENT.—A judgment of a justice cannot be impeached collaterally except upon jurisdictional facts.

4. CONSTABLE JUSTIFYING UNDER AN EXECUTION.—Although an execution is fair upon its face, yet where a constable seeks to justify under it, as against one who was a stranger to the judgment, he must show that the execution is supported by a valid judgment.

APPEAL from the County Court of Cook county; the Hon. MASON B. LOOMIS, Judge, presiding. Opinion filed January 4, 1881.

Thatcher, the appellant, brought replevin in justice court against Maack, the appellee, to recover certain goods and chattels of the former, alleged to have been wrongfully taken and detained by the latter. The writ having been personally served on appellee, but the goods not found, the case was turned into trover, and recovery had before the justice for their value. Maack took an appeal to the county court, where the case was tried before the court and a jury. The plaintiff there made out his case by showing that one Bank being the owner of the chattels in question Feb. 21, 1877, executed to

plaintiff a chattel mortgage thereon for a *bona fide* debt of $150, payable by him to plaintiff in eighteen months from that date, which was duly acknowledged and recorded. That Bank made default, whereby the property vested in plaintiff; but there was a question of fact in dispute, whether plaintiff immediately, or within a reasonable time took possession. The mortgage matured Aug. 24, 1878; but on the 20th of same month an execution was issued upon a judgment rendered in the previous May, before Kauffman, justice, against said Bank, and in favor of one Reamer, for $21.97 and costs, under which Maack, as constable, took and removed said goods and chattels August 28, 1878, as the property of Bank, it being claimed that the latter, and not Thatcher, the mortgagee, was still in possession. The defendant, Maack, justifying as constable, under said execution, offered in evidence the justice's docket, for the purpose of proving the judgment—as follows:

"Frederick Reamer   ⎫
       v.         ⎬
"John Bank.      ⎭

"In justice court, before H. A. Kauffman, J. P. Demand, $21.97. May 21st, 1878. Summons issued returnable May 27th, 1878, at 1 P. M. Summons returned by constable, Erwin Maack, served by reading to the defendant May 23d, 1878; suit called at 2 P. M. *May 27th*, 1878, plaintiff sworn; after hearing the evidence, judgment rendered on account of work and labor of the plaintiff, and against the defendant for the sum of of $21.97 and costs of suit (*et sequiter*). "

It appearing that the above words in Italics, showing the date of the judgment, were interlined, plaintiff's counsel objected to the docket as evidence, unless such interlineation was explained. The court sustained that view, and thereupon permitted the justice's clerk, who had produced the justice's docket, to explain the same, against the objection of defendant's counsel. The witness produced the wrapper enclosing the files in that case, whereon was a memorandum made by the justice showing the time of the rendition of the judgment and amount, which the bill of exceptions shows was admitted in evidence without objection. The witness then testified

that about a year and a half after the judgment was rendered, he having heard that the want of a date in the docket entry had arisen in this present case, he, from the memorandum on the wrapper, interlined the date; that he immediately told the justice what he had done, who, as it appears, tacitly acquiesced. On this explanation, the court admitted the docket in evidence, and plaintiff's counsel excepted, and also offered in evidence an authenticated transcript of the judgments made by the justice March 14, 1879, which was the same as the docket, without the words in Italics. This was, on objection by defendant, excluded by the court. There was a verdict and judgment for defendant, and plaintiff appeals to this court.

Mr. F. C. RUSSELL, for appellant; that the judgment was void for uncertainty as to the place of return of the summons, cited Rev. Stat. 1874, Chap. 79, §§ 17, 122; Shufeldt v. Buckley, 45 Ill. 223; Evans v. Pierce, 2 Scam. 468; Steward v. Smith, 17 Wend. 517.

It was void for uncertainty in the date of its rendition: Rev. Stat. Chap. 79, § 122; Garfield v. Douglass, 22 Ill. 100; Zimmerman v. Zimmerman, 15 Ill. 84; The People v. Delaware, 18 Wend. 558.

The verdict is against the weight of evidence: Belden v. Inness, 84 Ill. 78.

Mr. AUGUST MARX, for appellee; that the mortgagee, should take possession within a reasonable time after the mortgage expired, cited Arnold v. Stock, 81 Ill. 407; Reed v. Eames, 19 Ill. 594.

The question whether the mortgagee took possession at a certain time was for the jury, and their finding will not be disturbed: Wooley v. Fry, 30 Ill. 158; Kightlinger v. Egan, 75 Ill. 141; Simons v. Waldron, 70 Ill. 281; Connelly v. The People, 81 Ill. 379.

The judgment cannot be impeached collaterally: Billings v. Russell, 23 Pa. St. 189; Lightsey v. Hardies, 20 Alb. 409; Tarbox v. Hays, 6 Watts, 398; Farr v. Ladd, 37 Vt. 156.

The bill of exceptions does not purport to contain all the ev-

idence, and it will be presumed there was evidence before the court sufficient to authorize the judgment: Henry v. Hallo-way, 78 Ill. 356; Cogshall v. Beesley, 76 Ill. 445.

McALLISTER, P. J.  We are of opinion that although the execution was fair on its face, yet the plaintiff being a stranger and showing in himself a title which was good as against Bank, the defendant in the execution, it was necessary for the constable to show that the execution was supported by a valid judgment. Martyn v. Podger, 5 Burrows, 2,631; Ackworth v. Kemper, 1 Doug. 41; High v. Wilson, 2 Johnson, 46; Parker v. Walrod, 16 Wend. 514.

The point is made that the docket of the justice was inadmissible in evidence, on account of the interlineation made, showing the date of the judgment. We do not think the rule applicable to private writings between individuals which requires explanations of erasures and interlineations by the party who has had the custody of the instrument, and offers it in evidence, applies to a record or docket of a justice of the peace. So the first mis-step in this case was in the court below applying the rule of explanation to the docket offered. The alteration in question was not a forged alteration. It was made in good faith, upon supposed authority.

The circumstances were that the justice, at the time of rendering the judgment, made a memorandum on the wrapper containing the files in the case, of the date and the amount of the judgment. This memorandum was admitted in evidence without objection, so that the date of the judgment was established by evidence. From that memorandum the justice's clerk, an unofficial character, it is true, made the amendment of the docket, so as to make it correct. This was done with the justice's knowledge and tacit acquiescence, and virtually makes it his own act. Now the rule is well settled, that parol evidence is not admissible to falsify a record by showing that an alteration whereby the record is made correct was improperly made. Dickson v. Fisher, 4 Burrows, 2,267; Adams v. Betz, 1 Watts, 425. This doctrine was approved in Schirmer v. The

People, 33 Ill. 282, and applied in Garfield v. Douglas, 22 Ill. 100. See, also, Koren v. Roemheld, at this term.

The docket shows that the court had jurisdiction of the person by personal service of summons, and it had jurisdiction of the subject-matter. In such case, although the court was one of inferior jurisdiction, nothing will be intended to be out of its jurisdiction which does not affirmatively appear to be so. The judgment could be impeached collaterally only upon jurisdictional facts. Hard v. Shipman, 6 Barbour, 621, and cases there cited.

If assailed by a direct proceeding on a common law *certiorari*, the judgment, if the transcript did not show a summons issued and served as required by statute, might be subject to be quashed, but it is otherwise when the judgment is brought in question collaterally, as in this case. Bromley v. Smith, 2 Hill (N. Y.) 517, and cases there cited.

There was no error in excluding the transcript of March 14, 1879, of which appellant can take advantage, because the defendant had proved the docket to have been originally just as shown by the transcript, so that the admissions of the latter would have subserved no useful purpose whatever.

There being no merit in the points made for reversal, the judgment below will be affirmed.

Affirmed.