'HANS J. KOREN

v.

JULIUS ROEMHELD.

</div>

IMPEACHING JUDGMENT.—It is true that a stranger to a judgment may, if injuriously affected thereby, collaterally impeach such judgment for want of jurisdiction of the person or subject-matter, or for fraud or collusion between the parties in obtaining it; yet when there is jurisdiction of the parties and subject-matter, and the judgment is not the result of fraud, and it is material only to establish the fact of such judgment and its legal consequences, the record is conclusive even as to strangers.

APPEAL from the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding. Opinion filed January 4, 1881.

Koren v. Roemheld.

Mr. R. H. Forrester and Mr. F. S. Baird, for appellant; that although a witness may refresh his recollection by reference to a written memorandum, yet after an inspection of the writing he must be able to speak from his own recollection, cited Elston v. Kennicott, 46 Ill. 187; Seaverns v. Tribby, 48 Ill. 195.

Appellee's objection to the entry of the judgment by confession was not raised on the former trial, and it is now too late to raise it, when the cause is remanded for a new trial: Hollowbush v. McConnell, 12 Ill. 203; Kingsbury v. Buckner, 70 Ill. 514.

The record of the judgment cannot be contradicted by oral testimony: Swartz v. Barnes, 11 Ill. 89; Osgood v. Blackmore, 59 Ill. 261; Welch v. Sykes, 3 Gilm. 197; Kayser v. Hall, 85 Ill. 511; Chambers v. Clearwater, 1 Abb. App. 341; Swiggart v. Harber, 4 Scam. 364; Buckmaster v. Carlin, 3 Scam. 104; McMillum v. Whelan, 27 Cal. 300; Barnett v. Wolf, 70 Ill. 76; Anderson v. Field, 6 Bradwell, 307; Sattler v. The People, 59 Ill. 68; Faulk v. Kellums, 54 Ill. 189.

Mr. A. F. Stevenson, for appellee; upon the general principles which guide courts in affirming or reversing judgments where the evidence is conflicting, cited Thomas v. Rutledge, 67 Ill. 213; Wood v. Price, 46 Ill. 435; Coari v. Olsen, 91 Ill. 273; Sheerman v. C. & M. R. R. Co. 48 Ill. 523; Am. Ex. Co. v. Bruce, 50 Ill. 201; Farr v. Scott, 50 Ill. 490.

Delivery of an execution to an officer, with directions not to levy, or to stay execution till a future day, creates no lien upon the debtor's property: Gilmore v. Davis, 84 Ill. 487; Ross v. Weber, 26 Ill. 224; Kempland v. Macauley Peake's, Nisi Prius, 66; Hunt v. Hooper, 12 Mees. & W. 664; Berry v. Smith, 3 Wash. C. C. 63; Wise v. Darby, 9 Mo. 130; Williamson v. Johnson, 7 Halst. 86; Stern's App. 64 Pa. St. 447.

If a creditor seize goods of a debtor under an execution, and allows the debtor to remain in possession, it is void as to subsequent executions: Davidson v. Waldron, 31 Ill. 120; Storm v. Woods, 11 Johns. 110.

As to what is necessary to make a good levy: Minor v.

Herriford, 25 Ill. 344; Havely v. Lowry, 30 Ill. 446; Logsdon v. Spivey, 54 Ill. 104; Harris v. Evans, 81 Ill. 419; Reamer' App. 18 Pa. 510; Pary's App. 41 Pa. 273; Hood v. Vanarsdale, 3 Rawle, 401.

The rendition of a judgment is a judicial act—its entry upon the record merely ministerial: Matthews v. Houghton, 11 Me. 377; Fish v. Emerson, 44 N. Y. 376; Davis v. Shafer, 1 Phill. 18.

Whether there was a mistake in the record was a question of fact, to be established by proper evidence: Weed v. Weed, 25 Conn. 337; Hollister v. The Judges, 80 Ohio St. 201.

Judgments may be impeached by strangers for fraud, but not by those who were parties or privies to it: Greene v. Greene, 2 Gray, 361; Peck v. Woodbridge, 3 Day, 30; Field v. Sanderson, 34 Mo. 542; Callahan v. Griswold, 9 Mo. 784; Mason v. Messenger, 17 Iowa, 161; Townsend v. Kerns, 2 Watts, 183; Osborne v. Moss, 7 Johns. 161; Mosely v. Mosely, 15 N. Y. 334; Williams v. Martin, 7 Geo. 378; Hammock v. McBride, 6 Geo. 178; Smith v. Henderson, 23 La An. 649; Barefield v. Bryan, 8 Geo. 463.

Where there is a total want of jurisdiction, the judgment is void and may be impeached collaterally: Elliott v. Piersol, 1 Pet. 340; Thompson v. Tolmes, 2 Pet. 163; Vorhees v. U. S. Bank, 10 Pet. 474; Buckmaster v. Carlin, 3 Scam. 104.

A judgment collusively confessed is fraudulent, and may be attacked by any party whose interest may be affected: Phillips v. Demoss, 14 Ill. 410; Ransom v. Jones, 1 Scam. 291; Denton v. Noyes, 6 Johns. 296; Lewis v. Smith, 2 Serg. & R. 142; Fuerman v. Leonard, 7 Allen, 54; Field v. Gibbs, 3 Pet. 155; St. Albans v. Rust, 4 Vt. 58.

McALLISTER, P. J. Although in the order of delivery to the sheriff of the respective executions in question, that of appellant was unquestionably prior in time, yet on appellee's application to the court for an order that the proceeds of the execution sale of the judgment debtor's goods be applied upon his execution, they being insufficient to satisfy either, the court, on the first hearing of such application, decided in

appellee's favor on the ground that appellant's execution was dormant and to be postponed to that of appellee, by reason of alleged directions given on behalf of appellant, to the sheriff, at the time his execution was delivered, to hold it for further orders. On appeal to this court that order was reversed, because, in the view of this court, the evidence failed to establish the fact on which it was based. Koren v. Roemheld, 6 Bradwell, 275. On the case coming on for hearing in the court below, a second time, the appellee gave evidence tending to establish the fact of such direction having been given, and also to collaterally impeach appellant's judgment, against the objections and exceptions of the latter, by calling as a witness the judge of the Superior Court, in whose branch of said court the said judgment, according to the record thereof, purported to have been rendered upon a declaration upon a promissory note, a warrant of attorney, and cognovit, and by introducing the oral testimony of said judge to contradict the record of his own court, and to show that, as matter of fact, he, though at the time was holding a term of said court, never saw said papers, though they were on the regular files of the court at the time of the judgment, and did not order said judgment to be entered. The oral testimony of deputy clerks, also tending to contradict the record in the same respect, was likewise admitted by the court against appellant's objections. Upon the foregoing testimony, the court below again decided in favor of appellee, directing the said proceeds to be applied on his execution; and the appellant bringing the case to this court by appeal, assigns said rulings for error. It is contended by counsel for appellee that because the latter was a stranger to appellant's judgment, the record was not conclusive as to him, and that, therefore, the oral testimony was admissible (even though it contradicted the record) for the purpose of showing there was no authority to make a record.

The admissibility of such testimony under the circumstances of the case, is the principal question we propose to discuss.

The court in which the judgment thus sought to be impeached, was entered, is a court of general and superior jurisdiction. The warrant of attorney was appended to the note which was payable

to appellant, and authorized any attorney of any court of record
in the United States, to appear for the maker and confess
judgement on the note in favor of the legal holder thereof, at
any time after maturity, for the amount of such note. This
judgment was entered in term time, after the maturity of the
note. The court therefore had jurisdiction both of the party
and the subject-matter. The record, when tried by itself, was
complete in every particular. While it is the settled law, as
we understand it, that a stranger to a judgment may, if inju-
riously affected thereby, collaterally impeach such judgment,
by showing that the court had no jurisdiction of the person
of the defendant in such judgment or of the subject-matter,
or that it was obtained by fraud and collusion between the par-
ties to it, still the true question here presented is whether in a
case where the court has jurisdiction both of the person and
and subject-matter and a complete record is produced affirma-
tively showing such jurisdiction and a judgment entered at
a regular term of the court and by its authority, it is competent,
when such record is material only as to the fact of a judgment
and its legal consequences, for a stranger to such judgment, to
introduce the oral testimony of the judge of the court, to con-
tradict the record and show that the court did not authorize the
entry of the judgment. We are of opinion that where there
is jurisdiction of the person and subject-matter, and the judg-
ment is not the result of fraud and collusion between the
parties to it, and it is material only to establish the fact of such
judgment and those legal consequences which result from that
fact, the record must be regarded as conclusive even as to
strangers. Starkie says: "For the purpose of establishing
the fact that such a verdict has been given, or such a judgment
pronounced, and all the legal consequences of such a judgment,
the judgment itself is invariably not only admissible as the
proper legal evidence to prove the fact, but usually conclusive
evidence for that purpose; for it must be presumed that the
court has made a faithful record of its own proceedings. And,
in the next place, the mere fact that such a judgment was
given can never be considered as *res inter alios acta*, being a
thing done by public authority; neither can the legal conse-

Koren v. Roemheld.

quences of such a judgment be ever so considered; for where the law gives to a judgment a particular operation, that operation is properly shown and demonstrated by means of the judg-ment, which is no more *res inter alios* than the law which gives it force." 1 Starkie on Ev. 255. See, also, note 273. 2 Phil. on Ev. 5th Am. Ed., Cowen & Hill's Notes, by Edwards, page 42.

Greenleaf says: "But, as we have before remarked, the verdict and judgment in any case are always admissible to *prove the fact* that *the judgment was rendered,* or the *verdict given;* for there is a material difference between proving the existence of the record and its tenor, and using the record as the medium of proof of the matters of fact recited in it. In the former case, the record can never be considered as *res inter alios acta;* the judgment being a public transaction, rendered by public authority, and being persumed to be faithfully recorded. It is therefore the only proper legal evidence of itself, and is conclusive evidence of the fact of the rendition of the judgment, and of all the legal consequences resulting from that fact whoever may be the parties to the suit in which it is offered in evidence." 1 Greenlf. Ev. Sec. 538. So in Sec. 19, same volume, the learned author in speaking of presumptions of law which are conclusive, says: "Conclusive presumptions are also made in favor of judicial proceedings. Thus the records of a court of justice are presumed to have been correctly made."

The object of these rules is to give stability and security to judgments, decrees and sentences, when made by courts having jurisdiction of the person and subject-matter. They are therefore founded in, and supported by, a sound public policy, which demands, of the courts an inflexible adherence to them. Reed v. Gaston, 1 East, 355; Southgate v. Burnham, 1 Greenlf. R. 369; Adams v. Betz, 1 Watts, 425; Williams v. Tenpenny, 11 Humph, 176; Willard v. Whitney, 49 Maine, 235; Clark v. Jackson, 16 Md. 171; Mandeville v. Stockett, 28 Miss. 398; Garfield v. Douglas, 22 Ill. 100; Herrington v. McCollum, 73 Ill. 482, supporting the above rules.

It follows from the principles established by the above authorities that the admission by the court below, of the oral testimony of the judge and deputy clerks, for the purpose of

contradicting the record and thus attempting to show it was not correctly made; that the judgment was not ordered by the court, and in fact did not exist, was not only a violation of such principles, but of a most dangerous tendency in unsettling the stability and security of judgments and those legal consequences resulting therefrom by virtue of general public law. For, it is manifest that if the judge of a court, may thus be allowed to impeach the verity of the records of his own court, by oral testimony nine months after judgment, as in this case, he may do so nine years thereafter. If he may do so in one case, he may likewise in all cases; and then, what is left of the stability and security of judgments? In Garfield v. Douglas, *supra*, the question was as to the admission of parol testimony to contradict the entries of a justice of the peace in his docket, and the court, by Caton, C. J., said: "The record or entry of the justice is higher and more trustworthy than any parol evidence can be. If one record is open to be questioned by parol evidence, then another must be, and all security and confidence in the stability of records are gone."

The case of Anderson v. Field, 6 Bradwell, 307, has no application to the question presented by this present case. There, the proceeding was a direct one on appeal from the judgment below, and the facts were all preserved by bill of exceptions and thus made a part of the record. Here, the fact of the judgment and its legal consequences became material in another case, and while thus collaterally involved, the court permitted the judge to give oral testimony to impeach the verity of the record of his own court, where the record was complete in itself, showing jurisdiction of the person and subject-matter.

There was a sharp conflict of testimony upon the point whether such directions were given to the sheriff at the time of delivering appellant's execution to him, as would postpone it to that of appellee. We cannot, therefore, say, that the court below was not influenced in its final decision in favor of appellee, by the oral testimony impeaching the verity of the record. Under these circumstances, the error being so grave, we deem it our duty to reverse the order appealed from, and remand the case for another hearing.

<div align="right">Reversed and remanded.</div>

Koren v. Roemheld.

After the foregoing opinion was filed, the appellee asked leave to suggest a diminution of the record, and to file an amended record, showing that, on application to the court below, the bill of exceptions had now been amended so as to make it appear that before the rendition of the judgment below, the court, in fact, ruled out and excluded all the oral testimony introduced to impeach the judgment in the case of Koren v. Stange. A petition for a rehearing being filed, based in part upon said amended record, said petition was denied, for the reasons given in the following opinion:

Per Curiam. It is not a proper practice to allow a suggestion of a diminution of the record, on petition for a rehearing. Boynton v. Champlin, 40 Ill. 63; McPherson v. Nelson, 44 Id. 124.

Parties must see to it that the record is satisfactory to them before joining in error, or, at least, before the case is finally submitted to this court for decision. If any matter has been omitted by inadvertence or otherwise, it is too late, after our decision has been announced, to supply it.

It would seem, from the amendment to the record which the appellee now seeks to make, that the error of the court below in admitting evidence to impeach the judgment, was afterwards corrected by an order excluding said evidence and striking it from the record. Had this fact appeared when the cause was submitted, the error for which the judgment has been reversed might have been obviated. To allow the amendment now, though possibly relieving the appellee from a hardship in this case, would introduce a practice which has been repeatedly condemned by the Supreme Court, and which would open a door to the granting of rehearings that would tend to prolong litigation, and, in many cases, to delay justice.

In his petition the appellee has again argued his right, in this collateral proceeding, to introduce evidence to show that the judgment in favor of Koren was entered without jurisdiction. We are still inclined to adhere to the views on that subject expressed in the opinion heretofore filed, and the petition for a rehearing will accordingly be denied.

Rehearing denied.