# ROBERT SATERLEE
## v.
## .MARY A. HICKMAN.

*Evidence—Not Competent to Impeach Record.*

Where, by the record, it appears that a justice of the peace had jurisdiction of the person and subject-matter, parol evidence is not admissible to impeach the record of a judgment by showing that it was corrected by the justice two days after the judgment was rendered.

[Opinion filed ·September 20, 1890.]

In ERROR to the County Court of Edgar County; the Hon. A. J. HUNTER, Judge, presiding.

Mr. ROBERT L. McKINLAY, for plaintiff in error.

Messrs. FREDERICK W. DUNDAS and HENRY S. TANNER, for defendant in error.

WALL, J.   This was replevin by the defendant in error against the plaintiff in error, to recover certain personal property which had been seized by the plaintiff in error, as a constable, by virtue of a writ of attachment against Aloytus Hickman, the husband of the defendant in error.

As to the ownership of the property, whether it was in the plaintiff in replevin or in the defendant in attachment, the evidence was not conclusive.

The record of the proceedings in the attachment suit was excluded from evidence because the judgment did not provide that special execution issue against the attached property, and therefore the property was relieved from the lien of the attachment upon the authority of Wasson v. Cone, 86 Ill. 46.

The record, as it appeared on its face, did show that there was an order for such a special execution, but it was shown by parol evidence that this order was added two days after the

rendition of the judgment, and it was upon such impeachment of the record that the same was excluded.

The question is whether it was competent to thus impeach the judgment.

In the case of Thatcher v. Maack, 7 Ill. App. 635, it was held that when, by the record, it appears that the court had jurisdiction of the person and subject-matter, parol evidence is not admissible to falsify by showing that an alteration, whereby the record was corrected, was improperly made; citing Garfield v. Douglass, 22 Ill. 100, and Shirmer v. The People, 33 Ill. 282. These cases are in point and support the position of plaintiff in error that the record was improperly excluded. There was jurisdiction of the person and subject-matter and there was neither fraud nor collusion. The justice trying the case should have granted an order for a special execution and should have so written up his judgment in the first place, and we think it was not competent to attack the judgment by parol proof showing that an amendment whereby the record was corrected was improperly made. As was said in Garfield v. Douglass, *supra*, the policy of the law forbids that parol evidence should be admitted to show that the justice changed the judgment. The record or entry of the justice is higher and more trustworthy than any parol evidence can be. If one record is open to be questioned by parol another may be, and then all security and confidence in the stability of records will be gone. When a judgment is altered by another the case is different. There would be a forgery in such case—not a record at all—and the fact might be shown by parol. The sections in Freeman on Judgments cited by defendant in error, are not applicable; the matter there discussed relates to fraud and collusion in procuring the judgment.

We are of opinion the court erred in excluding the record, and for this error the judgment must be reversed and the cause remanded.

                                   *Reversed and remanded.*