JOHN J. BLACK v. WILLIAM L. CARPENTER, CIRCUIT JUDGE OF WAYNE COUNTY.

*Ejectment—Costs.*

How. Stat. §§ 8964, 8967-8969, contemplate but one bill of costs in favor of the defendants in an action of ejectment where the case has gone to trial and all of the defendants are acquitted.

*Mandamus.* Argued February 12, 1895. Denied March 5, 1895.

Relator applied for *mandamus* to compel respondent to set aside an order denying a retaxation of costs in an action of ejectment. The facts are stated in the opinion.

*S. W. Stewart,* for relator.

*Fraser & Gates,* for respondent.

LONG, J. Elizabeth Jeffreys commenced suit in ejectment on April 5, 1893, in the Wayne circuit court, against Joseph C. Hough, F. Robert Hawley, and John J.

Black, the relator, jointly, as defendants. All the defendants appeared and pleaded separately. Relator and Hawley appeared by the same attorney, S. W. Stewart, while Mr. Hough appeared and pleaded by his attorney, James H. Pound. The cause was placed upon the calendar for trial for several terms, and was continued each time. At the April term, 1894, the cause was brought to trial before a jury, who, under the direction of the court, returned a verdict in favor of the defendants. Judgment was entered upon the verdict. Relator presented his separate bill of costs to the clerk, including attorney's and term fees to the amount of $45. This the clerk reduced to the sum of $15, on the ground that only one attorney's fee or term fee could be taxed, and that relator was entitled to only one-third. A motion for retaxation was made before the court, and denied. *Mandamus* is now asked to compel that court to set aside its order, and tax to the relator the full amount.

It is claimed that each defendant is entitled to tax his full costs. How. Stat. § 8964, provides:

"In the following cases, if the plaintiff recover judgment by default, upon confession, verdict, demurrer, or otherwise, in any action or proceeding at law, he shall recover his costs:

"*First.* In all actions of ejectment, or for waste or private nuisance, and in all proceedings to recover the possession of land forcibly entered, or forcibly or otherwise unlawfully detained."

It is provided by sections 8967, 8968, and 8969 that—

"In all actions and proceedings in which the plaintiff would be entitled to costs upon a judgment rendered in his favor, if, after the appearance of the defendant, such plaintiff be non-suited, discontinue his suit, be non-prossed, or judgment pass against him on verdict, demurrer, or otherwise, or in case a plaintiff recover judgment, but not enough to entitle him to costs, the defendant shall have judgment to recover against such plaintiff his full costs," etc.

"When several persons are made defendants in any suit or proceeding, or in any action in which the plaintiff, upon a recovery, would be entitled to costs, and one or more of them shall be acquitted by verdict on the trial, or by judgment upon plea in abatement, or on demurrer, or by the plaintiff's discontinuing as to such defendant, every person so acquitted shall recover his costs of suit in like manner as if judgment had been rendered in favor of all the defendants.

"But if such person be so acquitted in any action brought for the recovery of land, or the possession thereof, or for nuisance, * * * and if the judge or court before whom such trial shall be had or such judgment shall be given shall certify in the minutes of the court that there was reasonable cause for making the person so acquitted a defendant in such action, then such person shall not be entitled to recover such costs, and no costs shall be recovered against him."

The right to recover costs is purely statutory. *Booth v. McQueen,* 1 Doug. 41; *Jeffery v. Hursh,* 58 Mich. 247. We find nothing in these statutes which would entitle each defendant to his full costs. If one or more of the defendants are acquitted upon the trial, and the plaintiff succeeds against the remaining defendant or defendants, those acquitted would be entitled to the costs. In the present action the trial proceeded against all, and a joint verdict was rendered in favor of all the defendants. It was but one trial, and but one bill of costs can be made against the plaintiff. It frequently happens that a great many persons are made parties defendant in ejectment and other actions, and this is the first time where a claim has been made that defendants upon acquittal, after a trial, would each be entitled to full costs. We think the statute contemplates but one bill of costs in favor of defendants in those actions where the cause has gone to trial and all are acquitted.

The court below was correct, and the writ of *mandamus* will be denied.

The other Justices concurred.