O. MILLS AND H. E. MATTHEWS v. BENJAMIN F. TALBOTT.

No. 12,139. (64 Pac. 964.)

SYLLABUS BY THE COURT.

REPLEVIN—*Justification by an Officer.* A sheriff who seeks to justify a seizure of property under process in an action brought against him by a stranger to the writ, who claims title anterior to the levy, must show, if he acted under an execution, that it was issued on a valid judgment, and, if under a writ of attachment, that the party at whose suit it issued was a creditor of the defendant named therein.

Error from Barber district court; G. W. McKay, judge.  Opinion filed May 11, 1901.  Division one. Affirmed.

*Charles Rumsey*, and *C. W. Ellis*, for plaintiffs in error.

*Loren Edwards*, for defendant in error.

The opinion of the court was delivered by

Smith, J. : This was an action in replevin brought by Benjamin F. Talbott against Mills and Matthews for the recovery of the possession of two mules.  It appears that the animals were bought by one Homer Talbott, son of the defendant in error, and afterward were levied on under process of some kind, but in whose favor the process was issued does not appear, unless it may be implied from the testimony showing that Homer Talbott owed one Moore.  Benjamin F. Talbott signed a note with his son, securing the purchase-price of the mules, and introduced testimony tending to show that there was an express oral agreement at the time that the mules were to be his (the father's) until the note was paid.  He recovered a judgment in the court below.

The briefs of counsel confine the discussion to the effect of section 4257 of the General Statutes of 1901, relating to oral conditional sales, as against the rights of creditors.  We do not think such question is involved in the case.  Plaintiff below introduced testimony showing the transaction, and the arrangement between himself and son by which title was to remain in the father until the note given for the purchase-price should be paid.  Having rested, the defendants below demurred to the evidence.  The demurrer being

overruled, they offered no evidence in defense, but went to the jury on the testimony of the plaintiff.

The defendants below were not sued as officers. It was admitted, however, by counsel on the trial that Matthews was acting at the time of the levy as a deputy sheriff. There was no proof showing under what kind of process he made the levy. Whether he held an execution or writ of attachment does not appear. Had the process under which the officer levied been received in evidence, this would have been insufficient as against the plaintiff below without proceeding further, and showing, if an execution, that the same was supported by a valid judgment, and, if a writ of attachment, that a debt existed. The rule is that where an officer seizing property under process is sued in trespass or replevin by a stranger to the writ, who claims title anterior to the levy, then the officer can only justify by showing a judgment, if he acted under an execution, and if under a writ of attachment, that the parties at whose suit it issued were creditors of the party defendant named therein. (Crock. Sher. § 866; Cobb. Repl. § 1010; *Thatcher v. Maack*, 7 Ill. App. 635; 20 Encyc. Pl. & Pr. 153; *Johnson v. Holloway*, 82 Ill. 334.)

In *James v. Van Duyn*, 45 Wis. 512, 516, the opinion quotes the language of Chief Justice Dixon in *Bogert v. Phelps*, 14 Wis. 88, 93, as follows:

"In case of an action by the party against whom process issued, the process itself, being valid on its face, constitutes a complete justification. In case of suit by another claiming title to the property seized under such party, which title is contested on the ground of fraud, he must, in addition to showing that he acted under such process, show that he acted for a creditor. Where he acts under process of execution, this is done by producing the judgment on which it is

Bank v. Layfeth.

issued.  If it be mesne process, then the debt must be proved by other competent evidence.  This proof, however, is required, not because it affects the process, or is in that respect necessary to protect the officer, but because it affects the title to the property in question.  No one but a creditor can question the title of the fraudulent vendee, and hence he must show that the relation of debtor and creditor exists between the party against whom the attachment or execution ran, and the person in whose behalf it was issued.  It is a necessary link in the chain of evidence by which the fraud is to be established.''

In the present case the evidence was sufficient to show that, as between the plaintiff below and his son, the title and right of possession of the mules were in the former at the time the action was begun ; and, until the officer showed that he was acting in behalf of a creditor in seizing the property, it was entirely immaterial that the oral conditional sale might be fraudulent and void in law as to creditors.

The judgment of the court below will be affirmed.

DOSTER, C.J., ELLIS, POLLOCK, JJ., concurring.