## MERICK A. RICHARDSON
### v.
## THOMAS BELDAM.

ENTERING OF JUDGMENT—TIME.—Where a court in regular term time adjourned on Saturday to ten o'clock of the succeeding Monday, but on Monday morning opened the court by proclamation and entered judgment in regular form upon *cognovit* and other proper papers on file. *Held*, that such judgment should not be regarded as void or so irregular as to be subject to be set aside because the precise time of ten o'clock had not arrived when the entry was made.

ERROR to the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding. Opinion filed April 28, 1886.

The record proper sent up by the clerk contains a *placita* or convening order of the court at a term beginning September 21, 1885, being the third Monday of that month ; it recites that October 5, 1885, there was filed in said court a certain judgment note, *narr.* and *cognovit*, which are set out in words and figures. The judgment note purports to have been made by Richardson, bears date October 2, 1885, by which the maker promised to pay Thomas Beldam thirteen thousand five hundred twenty-

two and 66-100 dollars, with interest, on demand. To that note a warrant of attorney was annexed in the usual form, authorizing any attorney of any court of record to appear for the maker in such court, in term or vacation, at any time thereafter, and confess judgment without process in favor of the holder thereof. The declaration was upon said note by the payee, Beldam, as plaintiff. The *cognovit* was regular and proper in all respects. The record then recites: "And thereupon on the same day, to wit, the 5th day of October, 1885, the following among other proceedings were had and entered of record in said court, to wit, court opened by proclamation;" and it then recites the entry of judgment and issuing of execution as of that date.

Richardson, the defendant in the judgment, having, subsequently to the entry thereof, made a voluntary assignment for the benefit of his creditors to Roche, the latter came in and entered a motion October 16, 1885, to set aside the judgment and execution. In support of the motion the record of the proceedings was adduced in evidence, and the affidavit of a deputy clerk was also read, which stated that on Saturday, the third day of October, 1885, the court duly adjourned to Monday, the 5th day of October, 1885, at the hour of ten o'clock, in the forenoon thereof, and that on said Monday, the fifth day of October aforesaid, the circuit court *duly* convened at the hour of ten o'clock in the forenoon, and not before. Then there were affidavits read in support of the motion to the effect that the said judgment was in fact entered before the hour of ten o'clock in the forenoon of that day.

Such being the only ground upon which the court was asked to set aside the judgment, it was deemed insufficient, and the motion denied. Upon that ruling, Roche, who was no party to the original proceedings, brings error to this court.

Mr. FREDERIC ULLMANN, Mr. R. S. THOMPSON and Messrs. TENNEY, BASHFORD & TENNEY, for plaintiff in error.

Messrs. H. T. & L. HELM, for defendant in error.

Richardson v. Beldam.

McALLISTER, J.  There was no claim made in the court below, nor is there any here, that the judgment, which the assignee of Richardson sought to have set aside, was void on the ground of fraud, either for want of a *bona fide* debt or as having been obtained for any false or unlawful purpose.  The only ground relied on was a supposed irregularity in entering the judgment before the hour of ten o'clock had arrived, on the morning of October 5th, that being the hour to which the court adjourned on the previous Saturday.  The judgment was entered in term time, by a court of superior jurisdiction, having complete jurisdiction of the person of the defendant, and of the subject-matter.  The debt was due and the warrant of attorney strictly pursued.  The record, when tried by itself, is complete, disclosing no irregularity whatever.  It shows that the court was opened by proclamation before the judgment was entered.

No application to the court below was made to correct the record as respects its statement that the court had been opened by proclamation that morning when the judgment was entered.  But an attempt was made to show by the *ex parte* affidavit of one of the clerk's deputies, to contradict the record in effect.  The affidavit, however, does not say that the court had not been opened by proclamation, but merely that it had not *duly convened*.  Whether or not it had *duly* convened is a conclusion of law.  So that, if the record were subject to explanation or contradiction by parol evidence, the statement of the deputy would not suffice for that purpose.  But the record imports absolute verity, when brought in question by such a proceeding as that below, and could be impeached by the parol testimony of neither the clerk nor the judge of the court.  Koren v. Roemheld, 7 Bradwell, 646, and authorities there cited.

In Read v. Sutton, 2 Cush. 115, such an attempt was made, and in giving the opinion of the court, Shaw, Ch. J., said: " Every entry is a statement of the act of the court, and must be presumed to be made by its direction, either by a particular order for that entry, or by a general and recognized usage and practice which presupposes such order.  We must, therefore,

presume that the several entries on the docket under this action were made by the clerk by proper authority. Nor is this presumption controlled by the testimony of the clerk or the judge." That doctrine applies not only to the entry as to opening the court, but to the judgment itself.

In Willard v. Whitney, 49 Maine, 235, the court states what is familiar law to every good lawyer, that " The records of the court show the proceedings in relation to a suit from its entry to its final termination. The statements therein contained must be regarded as true. They are not subject to explanation or contradiction *ab extra.* * * When the record is once made up, it is conclusive upon all parties until altered or set aside by a court of competent jurisdiction."

To the same effect in Herrington v. McCullum, 73 Ill. 482, Scholfield, J., said :

" The evidence to impeach the record showing a dismissal was not properly admitted. The record imports verity, and can not be contradicted by parol. If the order was improperly entered, application should have been made to the court to correct its record, and when properly corrected it would have been conclusive evidence of what had been done by the court." So here, before plaintiff in error could take the position that the court below had not been opened as a court when the judgment was entered, he should have applied to the court to correct the record which showed that the court had been opened when such entry of judgment was made. Not having done so, he is precluded by the record from showing or contending that the court was not so open when the judgment was entered. From this view the whole matter is narrowed to the question whether, when the court in regular term time adjourns on Saturday to ten o'clock of the morning of the succeeding Monday, but on that Monday morning opens the court by proclamation and enters judgment in regular form upon *cognovit* and other proper papers on file, such judgment should be regarded as void, or so irregular as to be subject to be set aside because the precise time of ten o'clock had not arrived when the entry was made.

We think that reason, justice and the law all combine in

requiring us to hold the negative of that question.    Of course, if a party to a suit is taken by surprise and prejudiced by the action of the court in opening and doing an act in a cause at a point of time substantially sooner than that to which the court adjourned, there would be a proper foundation for relief ; but such is not the case here.    The defendant had no right to intervene ; a warrant of attorney creates a power with an interest.    It is irrevocable if fairly obtained.    So that the question is one merely of power in the court.    To hold that the powers of the court were absolutely suspended until the precise time to which it adjourned, would be the recognition of a doctrine fraught with inconvenience and dangerous consequences.    In addition to a standard city and a standard railroad time, it would be necessary to have a standard court time, because the other two vary from each other.    If the principle be recognized, five minutes too soon would be as fatal as forty or sixty minutes too soon.    This case illustrates the wisdom of the old common law rule, that the term of a court, as fixed by law, though running through weeks and even months, is to be regarded as one day, and that the law takes no cognizance of parts of a day.

The judgment should be affirmed.

