PETER HANSEN JASPER ET AL.

v.

LEOPOLD SCHLESINGER AND DAVID MAYER.

*Practice—Confession of Judgment—Time and Place of Indorsement of Order by Judge—Entry of Judgment—Issue of Execution.*

1. Upon a writ of error to review the action of the court below in refusing to grant a motion to change the record of a judgment by confession, to show that the Judge's indorsement to enter judgment was made outside the court room and before the opening of the court, and upon certain other motions, it is *held:* Th it in the absence of evidence to show where it was made it must be presumed that the order was made at the place where, by law, the court was authorized to be held; that there was no error in the refusal of the court to alter or amend the record in the manner suggested; that motions to vacate the judgment and to quash the execution, on the ground that at the time it was issued there was no record entry of the judgment, were properly overruled; and that the refusal of the court to expunge from the cognovit an unauthorized agreement, providing that no appeal or writ of error should be prosecuted nor bill in equity filed, is not such error as to justify a reversal.

2. A term of court, though running through several weeks or months, is to be regarded as one day, the court being open until the expiration of the term or adjournment *sine die.*

3. The words " enter judgment," written by the Judge upon the papers in a confession proceeding that have been submitted to the court for inspection and judgment, indicate that the court has considered the matter and intends by those words to render a judgment for the amount confessed in the cognovit, and that such minute or memorandum fully authorizes the spreading on the record by the clerk of the full and formal judgment order.

4. A reviewing court may not interpret the court's minutes or memorandum or expand them into formal and complete orders, but when the court itself does so during the term, and the record shows them duly entered, the recital thereof is conclusive.

[Opinion filed July 13, 1887.]

IN ERROR to the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. GRANT & BRADY and FRANK F. LEFFINGWELL, for plaintiffs in error.

Messrs. KRAUS, MAYER & BRACKETT, for defendants in error.

MORAN, J.   On the 17th day of June, 1886, a judgment by confession was entered in the Superior Court of Cook County by defendants in error against the plaintiffs in error upon a certain note and warrant of attorney substantially in the usual form.   On June 26th thereafter, a motion was made by the plaintiffs in error in the said court to correct the record of the said judgment so as to show that the branch of the said court, presided over by the Hon. Elliott Anthony, who directed the entry of the judgment, did not open on the 17th day of June, 1886, and said judge did not take his seat on the bench till 10 o'clock in the forenoon of said day, and that the direction to enter the judgment was indorsed by said Judge upon the declaration filed in said case, to which was attached the cognovit note and warrant of attorney, and that such indorsement was made before the hour of 10 o'clock in the forenoon of said 17th day of June and outside of the court room which was at that date occupied and used by said Judge.   Affidavits were filed in support of said motion, from which it appears that the declaration, cognovit, etc., with the order to enter judgment thereon, was handed to a recording clerk about 10 o'clock and that the judgment order was written by him in the judgment record book by fifteen minutes past ten, and that prior to the recording of judgment an execution had been issued and delivered to the plaintiffs' attorneys in said case. That on said 17th day of June the branch of said court presided over by Judge Anthony, " was opened and said Judge ascended the bench on that morning at 10 o'clock and not before."   There was evidence tending to show that the declaration, cognovit and other papers, with the indorsement, " enter judgment, E. Anthony, Judge, etc.," were filed in the office of the clerk of the Superior Court about 9:30 o'clock on the morning of said 17th day of June.   The court refused to change the record as required by the motion and such refusal of the court is assigned for error.

The record of the judgment as it comes here, shows that the

Jasper et al. v. Schlesinger.

June term of the court was duly opened on the first Monday, being the 7th day of June, A. D. 1886; that on the 17th day of June, 1886, the declaration note, warrant of attorney and cognovit was filed in the clerk's office of the Superior Court with the words, "enter judgment, E. Anthony, Judge, etc.," indorsed thereon, and then follows the judgment by the court, " on consideration that the plaintiffs do have and recover, etc," in all respects a formal judgment order.    It is to be observed that there is no order of adjournment at all in the record; that as appears, the court being opened on June 7th, continued open without any adjournment whatever down to and including the day on which the judgment was entered. Even if the ordinary recess or adjournment of the court over night could be held a suspension of the functions of the court until there should be a proclamation of the opening of the court the next morning, there is nothing in the record to show that there was any such temporary adjournment.

There was no offer by plaintiffs in error in their motion to change the record, to show that the court had adjourned at any time prior to the morning of June 17th, and no evidence contained in the affidavits filed in support of such motion, that there had in fact been any such adjournment.    The statement that the branch of said court " was opened and said Judge ascended the bench on that morning at 10 o'clock and not before," may give rise to an inference that the court had been adjourned, but it is very far from a statement to that effect, and the inference can not be indulged in. particularly in the face of the record itself.    The rule of law is that the court is open from the first convening at the commencement of the term as fixed by law till it is closed by the expiration of the term or adjourned *sine die*, and the term, though running through several weeks, and even months, is to be regarded as one day.    Richardson v. Beldam, 18 Ill. App. 527 ; Union Pacific R. R. Co. v. Hand, 7 Kan. 380 ; Barnett v. State, 1 Wis. 156.

The decision in Conkling v. Ridgeley, 112 Ill. 36, that the period of definite adjournment for several weeks during the term will, under our statute, be vacation for the purpose of

authorizing the clerk to enter up confessions of judgment, does not conflict with the general rule which has always obtained at common law.

The statement in the motion, that the indorsement to enter judgment was made outside the court room, which was at that date occupied and used by said Judge, is wholly unsupported by the evidence. There is absolutely no showing whatever as to where the indorsement was made, and the record showing the court open and reciting the formal order of judgment, it must be presumed that the order was made at the place where, by law, the court was authorized to be held.

There was no error, then, in the refusal of the court to alter or amend the record in the manner suggested in the motion of the plaintiff in error. Neither was there error in overruling the motion subsequently made to vacate the judgment on the ground that its entry was not based upon any order or judgment of a Judge of said court, made or found in open court. As we have seen in the discussion of the prior motion, the court was open, and the record shows a proper order of judgment by the court. This record imports verity, and until altered by a proceeding apt and proper for the purpose, it can not be contradicted.

A further motion was made to quash the execution, on the ground that at the time it was issued by the clerk and delivered to the attorneys there was no judgment entered—no record entry of the judgment; *i. e.*, the record of the judgment had not been made up in the record of the court by the clerk.

The papers in the case became a part of the record when filed and the order of the court to enter judgment was a sufficient minute to guide the clerk in writing out a formal order of judgment. It is not the practice of the court in rendering judgment in any case at common law to write out the formal order at length, nor is it the practice for the minute clerk to write out such order in his minutes, but such memorandum is made as clearly indicates what the judgment of the court is.

We have no judgment roll in which all the pleadings and each order is formally and with great particularity written out as

was the ancient practice in England. "Judgment for the plaintiff for $100," is a skeleton entry which, if made by the Judge or entered on the minutes of the clerk by the Judge's order, will sufficiently indicate the formal entry that is to be made in the record of the court. The words, "enter judgment," written by the Judge upon the papers in a confession proceeding that have been submitted to the court for inspection and judgment, indicate very clearly, in our opinion, that the court has considered the matter and intends by those words to render a judgment for the amount confessed in the cognovit, and that such minute or memorandum fully authorizes the spreading on the record by the clerk of the full and formal judgment order. We find in the record, as it is brought here, the judgment order rendered on the 17th day of June.

This is not like the case cited by counsel where, when the full record was certified by the clerk, no judgment appeared to have ever been rendered. When the complete record is inspected on error the formal entries are required to be set out in it. In England in practice the proceedings are seldom entered on the judgment roll unless it is absolutely necessary to do so for the purpose of bringing error or for the purpose of evidence. Smith's Action at Law, 192. A reviewing court may not interpret the court's minutes or memorandum or expand them into formal and complete orders, but when the court itself does so during the term and the record shows them duly entered the recital thereof is conclusive.

In vacation, where a confession of judgment is entered by the clerk, the judgment order as held in Ling v. King, 91 Ill. 571, must be entered before any judgment can be held to be in existence. The judgment and the record evidence of it is in that case the same thing, but in term time a judgment may be rendered by the court at the beginning of the term and the full record of the order may not be written up till after the expiration of the term. It could not be said that there was no judgment because the judgment order had not been spread out at length upon the judgment record. The judgment is a fact from the moment it is pronounced by the court, and the

clerk's duty is to record such judgment before the final adjournment of the term "or as soon thereafter as practicable." R. S., Chap. 25, Sec. 14.

We see no reason for making a distinction between a judgment rendered by the court in term time on confession and a judgment in a suit where there has been an issue and a contest. When the judgment has been rendered in the one case it will authorize the issuing of an execution as fully as in the other and each will be a lien on the real estate of the person against whom it is obtained " from the time the same is rendered."

It is not, however, necessary for us to decide in this case the question as to whether the execution may issue before the judgment is written up in the judgment record. If there was an absolute requirement of the statute that the judgment order should be recorded by the clerk before execution should issue, yet the record being written on the same day but after the execution issued, the irregularity would not avail the defendant on the facts appearing in the record. By the statute in New York, " no judgment shall be deemed valid so as to authorize any proceedings thereon until the record thereof shall have been signed and filed." In Small v. McChesney, 3 Cow. 19, upon a motion to set aside the execution, it was shown that the execution was issued and levied between 2 and 4 o'clock in the morning, whereas the judgment was not signed till about 11 o'clock of the same morning and the record was not filed till 4 P. M. of the same day. The court said : " The party who moves has sustained no injury by this proceeding. The whole proceeding is on the same day, which the law will not divide into fractions unless this be necessary for the purpose of guarding against injustice. Here has been none. The objection is merely technical and the technical answer is enough when there has been no injury from the proceeding."

To the same effect are Clute v. Clute, 4 Den. 241, and 3 Den. 263. There is no pretense here that the judgment was not for a debt *bona fide* due, that it was not for the correct amount, or that the execution was obtained or issued for any unlawful purpose. The motion was based at the very best on a mere

technicality and was upon the authority of the cases cited properly overruled.

The plaintiffs in error also moved the court to set aside wholly, or in part, the cognovit filed, for the reason that the attorney who signed the same exceeded the authority conferred by the warrant of attorney. The cognovit agreed that no writ of error or appeal should be prosecuted from the judgment entered nor any bill in equity filed to interfere with the operation of the judgment. The warrant of attorney did not authorize such agreement, but only gave power "to waive and release all errors which may intervene in any such proceedings." This motion the court might well have granted and expunged from the cognovit the unauthorized portion without in any manner affecting the validity of the judgment. But the refusal of the court to do so is not such error as will reverse.

The unauthorized agreement could not be made effectual against plaintiffs in error unless affirmatively ratified by them. The prosecution of this writ of error evidences the fact that the agreement is futile to deprive them of their rights. That error only which injures is available to cause a reversal. The judgment of the Superior Court will be affirmed.

*Judgment affirmed.*