FRANK S. WEIGLEY

V.

CANUTE R. MATSON, SHERIFF, IMPL'D, ETC.

*Bill to Set Aside Default Judgments—Record as Evidence—Fees of Creditor's Attorney—Issue of Executions.*

Weigley v. Matson.

1. The record of a court showing a judgment by confession in open court, imports verity and can not be contradicted by parol evidence.

2. A stipulation by which a debtor agrees to pay the fees of his creditor's attorney, in case of legal proceedings to collect his debt, rests upon a good and valuable consideration, and will be sustained.

3. Upon a bill to have certain default judgments vacated and set aside, and to enforce an alleged prior lien, it is *held:* That the admission by the complainant that the judgments in question purport to have been entered in open court in term time, is an admission of the existence of conclusive evidence that such judgments were so entered; and that, as the judgments were part of the proceedings of the court in term time, it is immaterial whether the records were actually written up when the executions were issued.

[Opinion filed December 14, 1887.]

APPEAL from the Circuit Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

The bill in this case alleges that, on the 27th day of December, 1886, Frank S. Weigley, the complainant, recovered a judgment against Sidney Guy Sea, in the Superior Court of Cook County, for $2,279.11 and costs, and on the same day caused an execution to be issued thereon to the Sheriff of Cook County, who thereupon levied the same upon a stock of merchandise belonging to said Sea; that at the time said execution was issued said Sheriff was in possession of said stock of merchandise under and by virtue of six certain pretended writs of execution issued upon six certain pretended judgments entered by confession in said Superior Court on the 27th day of December, 1886, in favor of various parties, amounting, in the aggregate, to $16,670.80 besides costs; that said pretended judgments were entered and said executions issued without any authority of law; "that each and every of said pretended judgments so entered as aforesaid, purport to be rendered in open court, in the branch of the Superior Court presided over by the Honorable Elliott Anthony, one of the Judges of the Superior Court, on the 27th day of December, 1886, at the December term of said court."

The bill further alleges that the branch of said court presided over by said Judge was not opened by him on the first

day of said term or at any time thereafter, and was not open and in session at the time said pretended judgments purport to have been entered, and had not been open for said December term; that the declarations and cognovits on which said judgments were respectively entered were presented to said Judge at the place other than the court house where said court is provided by law to be held, where no court was in session, and before either of said suits was docketed or commenced in said court, and that said Judge indorsed on said several declarations and cognovits the words, "Enter judgment, E. Anthony, Judge;" that afterward said declarations and cognovits were filed in the office of the clerk of said court, and that executions were immediately issued thereon by said clerk and placed in the hands of said Sheriff, who levied the same on said stock of merchandise; that at the time said executions were issued no entry of said judgments had been made upon the records of said court, and that said judgments were afterward entered without any authority other than as above stated; that said stock of merchandise has been advertised by the Sheriff for sale, and that the proceeds of the same will not be sufficient to satisfy said six judgments and the complainant's judgment; that said Sea is hopelessly insolvent, and has no other property subject to execution; that said pretended judgments and executions are absolutely void in law and create no lien on said property, and that the complainant's execution is the first lien thereon.

It is further alleged that each of said notes and warrants of attorney upon and by virtue of which said pretended judgments were entered, provides for the entry of judgment for the amount specified in the note, and five per cent. thereof in addition for attorneys' fees, such attorneys' fees amounting in all to over $800; that said attorneys' fees operate as a fraud on the *bona fide* creditors of said Sea by diminishing his assets by that amount, and converting the same to the use of the attorneys of the plaintiffs in said judgments.

The bill prays that said six judgments may be declared null and void and be vacated and set aside, and that the executions thereon be declared to be void and of no effect, and that the

Weigley v. Matson.

complainant may be decreed to have a first and prior lien upon all the property levied upon, and that the Sheriff be directed first to pay the complainant the amount of his judgment before distributing any of the proceeds of said property to any other party.

A demurrer to said bill being sustained by the court, the complainant elected to abide by his bill, and thereupon the decree was entered dismissing said bill at the complainant's costs for want of equity. From this decree the complainant has appealed to this court.

Messrs. WEIGLEY, BULKLEY & GRAY, for appellant.

A judgment by confession can be either entered in term time or vacation, and if in term time, it can only be in open court. Conkling v. Ridgley, 112 Ill. 36; Anderson v. Field, 6 Ill. App. 307, 314.

Judgments by confession can be entered before the clerk only in vacation, but during term time they must be entered in open court. The case must be brought before the Judge in person and passed upon by him. The clerk can not act for him. The entry of a judgment is a judicial act which the Judge of the court alone can perform. And he can only perform such act while sitting in open court and acting as a court. Ling v. King, 91 Ill. 571.

This is not a bill to set aside judgments on the ground of fraud or collusion, or irregularities, but it is a bill to remove an obstruction to the satisfaction of appellant's execution, and nothing more, based upon the fact that the said pretended judgments are absolutely void, because not entered by any court.

If the said pretended judgments were entered in vacation before the clerk, under the authority of the statute, then no execution would be valid, issued before the same were entered upon the records of said court, whatever may be the rule in term time. Ling v. King, 91 Ill. 571; Cummins v. Holmes, 109 Ill. 15.

Messrs. FLOWER, REMY & HOLSTEIN, for appellee.

Where the court has jurisdiction of the parties and subject-

matter of the action, and the journal of the court recites a trial and judgment in term time, the record imports absolute verity, and can not, in a collateral proceeding, be overthrown by parol testimony tending to show that the trial was had and the judgment rendered in vacation. Mitchell v. Insley, 7 Pacific R. (Kan.) 201; see, also, Wiley v. Southerland, 41 Ill. 25; Hughes v. Cummings, 2 Pacific R. 928.

A stipulation for the payment of attorneys' fees in a promissory note, in the event of an action to collect the same, is valid and enforceable. Nickerson v. Sheldon, 33 Ill. 372.

A judgment entered by confession, upon warrant of attorney, may properly include attorneys' fees, if authorized by the warrant of attorney. Ball v. Miller, 38 Ill. 110; Clawson v. Munson, 55 Ill. 394; Smith v. Silvers, 32 Ind. 321; Imler v. Imler, 94 Pa. St. 372; Parham v. Pulliam, 5 Cold. 487; Huling v. Drexel, 7 Watts, 126.

BAILEY, J. The complainant, having obtained a judgment against one Sea, and having levied his execution upon the property of his debtor, seeks by his bill to have certain prior judgments and executions against the same debtor and in favor of other creditors vacated and declared null and void, so as to give priority to the complainant's execution. The judgments thus attacked were entered by confession, and no claim is made that the indebtedness for which they were entered was not justly and in good faith due, nor are there any allegations of fraud or collusion. The claim to relief is based solely upon certain alleged irregularities in the entry of said judgments.

The bill admits that said judgments purport to have been entered in open court in term time, but it is alleged that, in fact, the branch of said court presided over by the Judge before whom said judgments purport to have been entered was not in session on that day and had not been opened for that term; that the declarations and cognovits were presented to the Judge out of court; that he there indorsed thereon directions to enter judgments, and that said papers, with such indorsements, being filed with the clerk, said judgments were entered by him.

It is the settled rule of law that the record of a court, show-

ing a judgment by confession in open court, imports verity, and can not be contradicted by parol evidence. Roche v. Beldam, 119 Ill. 320. The record of such judgment is the only proper evidence of itself, and is conclusive evidence of the fact of the rendition of the judgment, and of all the legal consequences resulting from that fact, both as against the parties to the judgment, and all others whose interests may be affected thereby. Koren v. Roemheold, 7 Ill. App. 646; Richardson, v. Beldam, 18 Ill. App. 527; Jasper v. Schlesinger, 22 Ill. App. 637.

The complainant, then, by admitting that the judgments which he is seeking to have set aside, purport to have been entered in open court in term time, admits the existence of judgment records which furnish conclusive evidence that said judgments were so entered, and he has therefore precluded himself by such admission from insisting that the contrary is the fact.

It is alleged that the executions are void because they were issued and delivered to the Sheriff before the judgments were actually entered upon the records of the court. As the judgments were a part of the proceedings of the court in term time, it is not material whether the records of the judgments were actually written up or not at the time the executions were issued. Such was the conclusion reached by us on full consideration of this question in Jasper v. Schlesinger, *supra.*

The point is made that the provisions of the warrants of attorney as to attorneys' fees was fraudulent as to other creditors, in that it appropriated the amount of such fees to the payment of the attorneys of the judgment creditors without consideration. It is claimed that to the extent of such fees at least the judgments should be vacated. A stipulation by which a debtor agrees to pay the fees of his creditor's attorney in case the latter is compelled to resort to legal proceedings to collect his debt, is an agreement which is not only eminently just, but which rests upon a good and valuable consideration. It is not in the nature of a gratuity, but is a contract by which the debtor, in part consideration of the credit given him,

agrees to indemnify his creditor against the consequence of his neglect or refusal to pay, whereby the creditor may be subjected to the necessity of employing and paying an attorney.

We are of the opinion that the bill presented no grounds for relief. The demurrer was therefore properly sustained.

*Decree affirmed.*