STEPHEN L. MERSHON ET AL.

v.

E. M. HULSE ET AL.

*Insolvency—Preferences—Judgment Notes—Attorney's Fees.*

1. An insolvent debtor may prefer particular creditors to the extent of his liability to them, but he can not add anything by way of gratuity and make it part of the preferred claim.

2. Where an insolvent debtor has included attorney's fees in judgment notes, made and delivered for the purpose of preferring certain creditors

and to enable them to obtain immediate judgments and executions, such fees are mere gratuities which equity will follow for the benefit of other creditors into the hands of said creditors and their attorneys.

The case of *Weigley* v. *Matson*, 24 Ill. App. 178, distinguished.

[Opinion filed January 25, 1888.]

IN ERROR to the Superior Court of Cook County; the Hon. HENRY M. SHEPARD, Judge, presiding.

Mr. MILLARD R. POWERS, for plaintiffs in error.

Messrs. FRANK J. SMITH & HELMER, for defendant in error.

The Supreme Court have held that contracts for attorney's fees in trust deeds, mortgages and powers of attorney to confess judgment are legitimate and binding contracts in the following cases: Nickerson v. Sheldon, 33 Ill. 372; Ball v. Miller, 38 Ill. 110; Clawson v. Munson, 55 Ill. 394.

Contracts for attorney's fees in judgment notes, mortgages, etc., are upheld also in Indiana, Iowa, Pennsylvania, Tennessee, Texas and Oregon, and probably in other States. Peyson v. Cole, 4 Pacific Rep. 520; Smith v. Silvers, 32 Ind. 321: Imler v. Imler, 94 Pa. St. 372; Parham v. Pulliam, 5 Cold. 467.

BAILEY, J. This was a bill in chancery, in the nature of a creditor's bill, brought by Stephen L. Mershon and George Bancroft, judgment creditors of E. M. Hulse, to recover from various other judgment creditors of said Hulse and their attorneys certain moneys collected by them from him as attorneys' fees. All the material facts alleged in the bill were admitted at the hearing by stipulation, and are in substance as follows:

On the 6th day of October, 1886, the complainants recovered three judgments against Hulse, amounting in the aggregate to $2,704.40, and executions were duly issued on said judgments and returned wholly unsatisfied. The indebtedness upon which such judgments were rendered was in existence and was owing from Hulse to the complainants on the 9th day of September, 1886, said indebtedness being then evidenced by four promissory notes not due. On said 9th day of Sep-

tember, 1886, said Hulse, after having carried on business for a number of years, became and was insolvent. On that day he retained certain attorneys and informed them of his insolvency, and told them that he desired to prefer certain of his creditors in such manner as the law would permit. Said attorneys advised him that he could lawfully give such of his creditors as he saw fit judgment notes for the amounts due them, respectively, and add thereto reasonable attorney's fees for the entry and collection of the judgments. Said attorneys thereupon, at the request of Hulse, prepared judgment notes, in favor of the creditors whom Hulse wished to prefer, due on demand, for the full amount of the debts due them, respectively, said debts aggregating $8,451.26, and inserted in each note a provision for an attorney's fee, in addition to the debt, of about fifteen per cent. of the amount of the debt, the aggregate of said attorneys' fees being $1,258. Said notes were dated September 10, 1886, and after being signed by Hulse they were left with said attorneys with instructions to send for said creditors, and if they were willing to accept the notes, to deliver the same to them upon their giving receipts in full for their debts in consideration of said notes. Said attorneys sent for said creditors, and they, on being made acquainted with the foregoing facts, accepted said notes in full of their debts, and gave receipts accordingly. Said creditors at the same time employed said attorneys as their attorneys to enter judgments upon and collect said notes out of the assets of Hulse.

On the 11th day of September, 1886, said attorneys, acting for the payees of said notes, caused judgments to be entered thereon for the full amount thereof, including the attorney's fees, as above specified. Executions were forthwith issued on said judgments and delivered to the Sheriff, who levied all of them except one for $611, upon the property of Hulse. The last named execution was returned unsatisfied, and a creditor's bill being immediately filed thereon, a receiver was appointed, and all the remaining available assets of Hulse were placed in his hands. As the result of said proceedings upon said executions and creditor's bill, all the property of Hulse was collected

and converted into cash, realizing sufficient to pay all of said judgments, including the attorney's fees, in full, but leaving no surplus to be applied to the complainants' judgments or the claims of the other creditors of Hulse. A portion at least of said attorney's fees have been received and are retained by said attorneys.

The cause was heard on bill, answer, replication and said stipulation as to the facts, and a decree rendered dismissing the bill at the complainant's costs for want of equity, and the complainants bring the record to this court by writ of error.

It can not be questioned that an insolvent debtor may lawfully prefer particular creditors to the extent of his liability to them, but that is as far as he can go. He has no more power to add anything to such liability by way of a gratuity and make that a part of the preferred claim than he has to make a gratuitous disposition of his property to any other party. All such voluntary gifts of property by an insolvent will be presumed to be fraudulent and therefore void.

In the present case the legal liability of Hulse to his creditors was for the amount of the debts owing from him to them and no more. He was under no legal liability to indemnify them against the expense of collection. If they were under the necessity of employing and paying attorneys to enforce collection, that was a matter of their own with which he had no concern and for which, according to the policy of our law, they could never call upon him to respond. It follows that the attorneys' fees in addition to the amount of the debts were mere gratuities, and stand, so far as we can see, upon no different footing from other gratuitous dispositions of property by an insolvent debtor. As the creditors to whom the judgment notes were given, as well as their attorneys, had full knowledge, at the time the notes were executed, of the insolvency of Hulse and of the fact that the attorney's fees were mere gratuities, equity will follow the fund thus fraudulently disposed of into the hands of said creditors and their attorneys, and compel an application of it to the complainants' judgments.

This case is essentially different from Weigley v. Matson,

24 Ill. App. 178.    That case was decided upon demurrer to the bill, and as there were no averments to the contrary, it was presumed that the judgment notes, upon which the judgments sought to be set aside were entered, were given for the indebtedness at the time it accrued, and run for specific periods of time, and it was held that, under those circumstances, the credit given to the debtor was a sufficient consideration for the agreement to pay attorney's fees and thus indemnify the creditors against the costs of collection.    In the present case no credit was given, the only purpose of executing the notes being to prefer the creditors to whom they were given, and to enable them to obtain immediate judgments and executions, and thus make legal appropriation of their debtor's estate to the payment of their debts before other creditors were in a position to avail themselves of any legal remedy.

The decree will be reversed and the cause remanded with directions to the court below to take an account of the moneys collected as attorney's fees in the hands of the several defendants, and to decree the payment of said moneys in satisfaction of the complainants' judgment.

*Decree reversed.*