## JAMES M. WILEY *et al.*

*v.*

## JAMES A. SOUTHERLAND.

1. PAROL EVIDENCE — *contradicting the record of a judgment.* The date of a judgment is as material as any other portion of it, and can no more be contradicted by parol evidence than the amount or character of the judgment.

2. So, where a party against whom a judgment has been rendered by a justice of the peace, on a garnishee process, sought to enjoin the collection of the judgment, upon the alleged ground, that, while upon its face it purported to have been rendered on the same day the defendant therein answered, yet in fact it was not entered until long afterward, whereby he lost his opportunity of appeal, and by such delay the justice had lost his jurisdiction, — it was *held*, the record must be taken as speaking the absolute truth as to the date of the entry, and could not be contradicted by parol in that regard.

WRIT OF ERROR to the Circuit Court of Peoria county; the Hon. M. WILLIAMSON, Judge, presiding.

The opinion states the case.

Messrs. O'BRIEN & CRATTY and Messrs. JOHNSON & HOPKINS, for the plaintiff in error.

Mr. A. McCOY, for the defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was a bill in chancery brought by Southerland against Wiley, to enjoin the collection of a judgment rendered against the former on a garnishee process issued at the suit of Wiley,

before a justice of the peace. On the hearing below, the injunction was made perpetual.

The ground upon which it is sought to sustain the injunction is, that the judgment, although purporting on its face to have been rendered on the same day that Southerland answered the garnishee process, was not in fact entered until long afterward, whereby Southerland lost his opportunity of appeal, and when it was in fact entered by the magistrate, he had lost his jurisdiction.

In the case of *Garfield* v. *Douglass*, 22 Ill. 102, parol evidence was offered to show that a judgment in bar before a justice, had been originally entered as a judgment of nonsuit, and afterward altered by the justice. The evidence was held inadmissible and the court said : " The record or entry of the justice is higher and more trustworthy that any parol evidence can be. If one record is open to be questioned by parol evidence, then another may be, and all security and confidence in the stability of records are gone. If the justice corruptly, or from improper motives, changed the original entry made by him, he may be prosecuted both civilly and criminally, but the record must stand as the solemn truth, attesting beyond controversy what the judgment was which the justice pronounced. This is not like the case supposed of an alteration made by another. This would be a forgery and not a record at all, and might as well be shown of a record in this court as of that."

The case at bar clearly falls within the principle here laid down. It is not pretended that the entry of the judgment was not made by the magistrate, but it is insisted that he affixed to it a false date. The date of the judgment is as material as any other portion of it, and can no more be contradicted by parol evidence than the amount or character of the judgment.

If a controversy should arise as to when the lien of a judgment in the Circuit Court attached upon real estate, it certainly would not be claimed that parol evidence was admissible to show that the court had really rendered the judgment on a day different from that named in the record. It is one of the fundamental principles of the law, that a record must be taken

as speaking the absolute truth. Rare cases of hardship may arise under the inflexibility of this rule, but it is, nevertheless, better that the rule should remain inflexible, rather than rights and titles established by judicial proceedings should be set adrift upon the uncertain sea of parol testimony. The immense evils of such a practice will at once occur to the mind of every lawyer. The case of *Haven* v. *Green*, 26 Ill. 254, referred to by counsel for defendant in error, is not inconsistent with these principles. That case merely decided, that a discrepancy between the date of the judgment on a magistrate's docket, and the date of that recited in the appeal bond, might be explained by parol, and that it might be shown in what suit the appeal bond had, in fact, been given. It was not sought to impeach the judgment.

In the case before us, the copy from the magistrate's docket, which the witness Worthington swears he made, itself shows a perfect judgment with the proper date, by considering the judgment and the memorandum as to the answer of the garnishee as one entry, and bearing the same date, which it would be proper to do. If, then, parol testimony were admissible, the complainant's case would stand solely upon the evidence, that the magistrate stated orally, subsequently to the date of the judgment, that he held the case under advisement, and had rendered no judgment. Even if the date of a judgment could be impeached by parol in any mode, it is palpable that the verbal statements of a justice, as to what he has or has not done, could not be received in evidence against other persons for the purpose of contradicting the official entries on his docket. The decree must be reversed, and the bill dismissed.

*Decree reversed.*