JOHN A. ROCHE

*v.*

THOMAS BELDAM.

*Filed at Ottawa January 25, 1887.*

1. COURT RECORD—*importing verity—parol evidence to contradict it—conclusiveness on the parties.* The record of a court, showing the entry of a judgment by confession in open court, imports verity, and can not be contradicted by parol evidence.

2. Where the record of a judgment is once made up, it is conclusive upon all the parties thereto, until altered or set aside by a court of competent jurisdiction.

3. SAME—*errors in its recitals, how corrected.* If the record of a judgment by confession does not state the facts as they actually occurred, the defendant should apply to the court in which the proceedings were had, and have it corrected, so as to show the facts correctly. If this is not done, no parol evidence can be heard to contradict it.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. FREDERIC ULLMAN, for the plaintiff in error.

Messrs. H. T. & L. HELM, for the defendant in error

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

On the 5th day of October, which was a day in the September term, 1885, of the circuit court of Cook county, a judgment by confession was entered in that court, in favor of Thomas Beldam, against Merrick A. Richardson. An execution, issued on such judgment, was placed in the hands of the sheriff, who at once levied it upon a stock of goods, as the property of the judgment debtor. Shortly after the execution was levied upon his property, defendant made a voluntary assignment of his effects to John A. Roche, for the benefit of his creditors. Among the effects assigned, were the goods levied upon by virtue of the execution in the hands of the sheriff, that had been issued on the judgment so confessed. The assignee of the judgment debtor then appeared in the circuit court, where the judgment had been confessed, by his counsel, and entered a motion "to vacate and set aside the judgment therein entered, and to quash the writ of execution issued thereon." The grounds for vacating the judgment and quashing the execution, as stated in the written motion submitted on behalf of the assignee, Roche, are as follows:

21—119 ILL.

"First, that said judgment was not entered in open court; second, that at the time said judgment was entered, the said circuit court of Cook county was not in session; and third, that at the time the execution was issued on said judgment, and placed in the hands of the sheriff of Cook county, no judgment had, in fact, been entered in said court." It seems the circuit court heard evidence on the matters set forth in the written motion of the assignee, but refused to vacate the judgment and quash the execution that had been issued on it. That decision of the circuit court was afterwards affirmed in the Appellate Court for the First District, and the assignee brings the case to this court on error.

On inspecting the record in this case, it is seen it does not afford the slightest support to any ground suggested against the validity of the judgment. It affirmatively appears, the September term, 1885, of the circuit court, was in session when the judgment was confessed; that it adjourned on Saturday, the 3d day of October, 1885, until Monday morning next thereafter, at ten o'clock; that on that day "court met, pursuant to adjournment;" that "court opened by proclamation," and that an attorney of that court, on behalf of defendant, and by virtue of a warrant of attorney for that purpose executed by defendant, and then produced and filed in "open court," and by his *cognovit,* waived the issuing and service of process, and confessed a judgment in favor of plaintiff in that suit, in the usual form, for the sum due on the promissory note described in the declaration filed in the cause. Thus it is seen, the court, in regular session, had jurisdiction of the person of defendant and of the subject matter of the suit, and no reason appears on the face of the record why the judgment rendered against defendant is not regular and valid. It also appears, from the record, the execution that was issued on the judgment was in fact issued after the judgment had been entered, and no reason is perceived on the face of the record why it is not valid.

But it is sought to show, by parol, the judgment was in fact rendered on the morning of the 5th of October, at an hour earlier than the time appointed for the convening of the court on that morning, simply by an order of the judge of the court, made "at chambers;" and it is insisted, the judgment for that reason is void, and that all proceedings had under the execution issued on such judgment are without authority of law. This can not be done. No rule of law is better settled, both by the decisions of this and other courts, than that a record like this one imports verity, and can not be contradicted by parol. When the record is once made up, it is conclusive upon all parties until altered or set aside by a court of competent jurisdiction, and so the adjudged cases all hold.

If the record, as it remains in the circuit court, does not state the facts as they actually occurred, defendant should have made application to have the court correct the record, so as to make it speak the truth. Had that been done, and the record corrected so as to show the facts as they are alleged to be, the questions discussed would have been presented for decision. As the record now comes before the court, it will be regarded as importing verity, and no parol evidence will be heard to contradict it. It follows, therefore, the objections to the validity of the judgment and the execution, sought to be established, by parol, in opposition to the record itself, can not be considered, and the judgment and execution must be treated as valid.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*