FRANKLIN MACVEAGH ET AL.

v.

FRANK E. LOCKE.

*Evidence—Parol, Inadmissible to Contradict Judicial Records—*Placita.

1. In the absence of fraud and collusion, parol evidence is inadmissible, collaterally to impeach and contradict judicial records.

2. In the case presented, it is *held*: That, there being several judgments, a separate *placita* was not necessary for each; and that the record was the only competent evidence of the fact and time of entering the judgments in question.

[Opinion filed August 3, 1887.]

APPEAL from the Superior Court of Cook County; the Hon. HENRY M. SHEPARD, Judge, presiding.

The appellee, Locke, having, January 15, 1885, obtained a judgment in assumpsit by confession upon warrant of attorney against Clingenberger in the Circuit Court for $977.68 damages, and caused an execution to be issued thereon of that date to the Sheriff of Cook County, which had been returned *nulla bona*, instituted proceedings in chancery against said Clingenberger and MacVeagh & Co. to have certain prior executions issued in favor of MacVeagh & Co. against Clingenberger and which had been satisfied out of the goods of Cligenberger, declared void, and to reach the moneys in the hands of MacVeagh & Co. so realized and have the same applied upon said execution in favor of Locke. It appears that said executions in favor of MacVeagh & Co. were ten in number and severally bearing *teste* January 14, 1885, and issued out of the Superior Court, respectively, upon judgments against said Clingenberger, entered therein in assumpsit by confession upon warrants of attorney; that the proper papers in each of said last mentioned cases for the entry of judgment by confession upon warrant of attorney, were regularly filed in term time in said court on said 14th day of January. Upon the back of

each of the respective sets of said papers so filed there was indorsed an order to enter ju lgment signed by the then presiding Judge of said court holding that branch thereof at that term. The record of said judgments contains a *placita* showing the convening of said court on the first day of said term, and the Judge who signed said orders for judgment is named as presiding, and the record introduced in evidence not only contains said *placita* but explicitly shows that the respective judgments were entered on the 14th day of January, 1885, which was one of the days of said term. There was no proof of fraud or collusion, and Clingenberger in no manner questioned the validity of either the judgments or executions; but at the instance of Locke, a subsequent judgment creditor, the court below, against the objection of appellants, permitted him to introduce parol evidence tending to show that the said Judge signed the said several orders for judgment at his own house; that it was about 10 o'clock in the evening when said papers for confession of judgment were filed; that there was in fact no court in session at the time; and that the respective judgments had not in fact been entered of record or in the judgment docket when the several executions were issued. Upon that evidence the court below rendered the decree that said executions were void and that money realized by the sale of Clingenberger's goods, under such executions, should be paid over by MacVeagh & Co., to be applied to the satisfaction of Locke's execution which was subsequent. From that decree MacVeagh & Co. prosecute this appeal.

Messrs. Hamline & Scott, for appellants.

The court erred in permitting evidence to be introduced tending to impeach the record of the MacVeagh judgments. Richardson v. Beldam, 18 Ill. App. 527; S. C. as Roche v. Beldam, 119 Ill. 320; Koren v. Roemheld, 7 Ill. App. 646. Herrington v. McCollum, 73 Ill. 476, 482; Harris v. Lester, 80 Ill. 307, 314; Barnett v. Wolf, 70 Ill. 76, 81; Wyley v. Sutherland, 41 Ill. 25; Garfield v. Douglass, 22 Ill. 100; Reed v. Sutton, 2 Cush., 115; Willard v. Whitney, 49 Me. 235.

The defect in *placita* is at most an irregularity which will

not afford grounds for attack collaterally, and was waived by defendant's cognovits. Freydendall v. Baldwin, 103 Ill. 325, Thatcher v. Maack, 7 Ill. App. 635; Kelly v. People, 115 Ill. 583, 590; Adam v. Arnold, 86 Ill. 185; McMillan v. Lovejoy, 115 Ill. 498; Phillips v. Webster, 85 Ill. 146; Stephens v. Smith, 10 Wall. 309; St. Louis & Sandoval C. & M. Co. v. Sandoval C. & M. Co., 111 Ill. 32, 38; Hall v. Hamilton, 74 Ill. 437.

Mr. John Lyle King, for appellee.

McAllister, P. J.   The principal question in this case is as to the competency of parol evidence to collaterally impeach and contradict judicial records in the absence of proof of fraud or collusion.   We can perceive no substantial distinction between this case and former ones in this court in which we have held in conformity with elementary rules and decided cases that such evidence was incompetent.   Richardson v. Beldam, 18 Ill. App. 527;   S. C. as Roche v. Beldam, 119 Ill. 320; affirmed by the Supreme Court, unreported;   Hanson v. Schlesinger, 19 Chicago Legal News, p. 363, and cases there cited; Read v. Sutton, 2 Cush. 115 ; Stephen on Pl. (Heard's Ed.) 109 ; 1 Wharton on Ev., Sec. 63 ; 2 Wharton on Ev., Secs. 980–2, 1303.

It is said by counsel for appellee that this case is unlike the others because there was not a separate *placita* for each judgment.   We are of opinion that such *placita* were not indispensable to a good record, there being one at the opening of the term.   2 Tidd's Pr. 733.

The record of the several judgments in favor of the members of the firm of MacVeagh & Co. and against Clingenberger was regular and complete and it showed that the several judgments were entered in term time, and January 14, 1885, the date of the respective executions thereon.   That record was the only competent evidence of the fact and time of entering such judgments.   Koren v. Roemheld, 7 Ill. App. 646, and authorities there cited ; Ausley v. Smith, 6 Esp. 80.

Locke's being a subsequent judgment creditor of the same

debtor gave him no equities superior to those of MacVeagh & Co., whose debt was *bona fide*, and there being no proof of fraud or collusion. Candee v. Lord, 2 N. Y. 268; Sidensparker v. Sidensparker, 52 Maine, 481.

Hence there was no basis for any exceptions to the general strict rules of law as to impeaching or contradicting judicial records. We are of opinion that the decree below was not supported by competent evidence and should for that reason be reversed.

*Reversed.*