PETER HANSEN *et al.*

*v.*

LEOPOLD SCHLESINGER *et al.*

*Filed at Ottawa June 16, 1888.*

1. AMENDMENTS—*as to record of a judgment—verity of record.* Where the record shows the entry of judgment by confession in open court, the same will not be amended or changed on the motion of the defendants in the judgment, on affidavits, so as to show the judgment was not in fact entered in open court.

2. Where the record showed that the court convened for the term on June 7, 1886, and continued in session until after the 17th of the same month, on which last named day a judgment was entered by confession, but failed to show at what hour on that day the court resumed its session,

it was *held,* that it would be presumed the court took the usual recess from one day to the next, and over Sundays, and that it was in session when the judgment was confessed, and that this presumption could not be contradicted by affidavit showing the court did not open before ten o'clock, and that the judgment was in fact entered before that hour, upon the direction of the judge made "outside of the court room."

3. The theory of the law is, that during the term of a court all proceedings rest in the breast of the judge, and he can amend the record according to the facts within his own knowledge.

4. It can not be shown by parol evidence that a judgment was in fact rendered at an hour earlier than the time appointed for the convening of the court, simply by an order of the judge "at chambers," in opposition to the record to the contrary.

5. JUDGMENT BY CONFESSION—*setting aside for cause—attorney exceeding his powers.* A judgment entered in term time upon *cognovit* will not be set aside at the same term, on motion, and the execution thereon quashed, except upon some equitable ground shown. The fact that the attorney confessing the same exceeded his power by waiving the defendant's right to an appeal or writ of error, will not furnish ground for setting the same aside, when the defendant in fact has the benefit of a writ of error.

6. SAME—*presumptions.* Where the record shows a judgment was rendered in term time, though upon a *cognovit,* the same presumptions will be indulged in its favor as in the case of ordinary judgments of courts of general jurisdiction.

WRIT OF ERROR to the Appellate Court for the First District; —heard in that court on writ of error to the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. GRANT & BRADY, Mr. FRANK LEFFINGWELL, and Mr. N. W. BLISS, for the plaintiffs in error:

The court below should have set aside the *cognovit,* for the reason that the attorney who filed it did not pursue the authority conferred upon him by the warrant of attorney. *Chase* v. *Dana,* 44 Ill. 262.

Both a *cognovit* and a judgment are an entirety, and if invalid in any part are invalid altogether. Freeman on Judgments, secs. 557, 136; *Chapin* v. *Thompson,* 20 Cal. 681; *Shuford* v. *Cain,* 1 Abb. 302; *Commercial Bank* v. *Wilson,* 14 Grant's Ch. 473; *Insurance Co.* v. *Clover,* 36 Mo. 392; *Voorhis* v. *Gamble,*

6 Mo. App. 1; *Newburgh* v. *Munshowe,* 29 Ohio St. 617; 23 Am. Rep. 769; *Frazier* v. *Williams,* 24 Ohio St. 625; *Gargan* v. *School District,* 4 Col. 53; *Streeter* v. *Marshall,* id. 535; 2 Saund. 101; *Manufacturers' Bank* v. *Cowden,* 5 Hill, 497; *Gee* v. *Lane,* 15 East, 592; *Raw* v. *Alderson,* 7 Taunt. 452; 3 Dane's Abstract, 516, rule 8; *McFarran* v. *Taylor,* 3 Cr. 270.

The court should have vacated the judgment, because it was not rendered or entered in open court. *Conkling* v. *Ridgely,* 112 Ill. 40; *Anderson* v. *Field,* 6 Bradw. 314; *Ex parte Gladhill,* 8 Metc. 168; *Hobart* v. *Hobart,* 45 Iowa, 501; *Ling* v. *King,* 91 Ill. 573.

The court should have quashed the execution, because there had been no judgment rendered by the court. Freeman on Executions, secs. 17, 24, 38, 40; *Peacock* v. *Day,* 3 Dowl's Pr. 291; *Cummins* v. *Holmes,* 109 Ill. 15; *Hall* v. *Marks,* 34 id. 358; *California* v. *Patterson,* 1 Nev. 150; *Howell* v. *Morlan,* 78 Ill. 162; *Thompson* v. *People,* 23 Wend. 587; *Davidson* v. *Smith,* 1 Biss. 351; *Truett* v. *Legg,* 32 Md. 147; Rev. Stat. "Judgments," secs. 1, 4; *Wade* v. *Pratt,* 12 Heisk. 238; Tidd's Pr. 930; Freeman on Judgments, secs. 2, 52; 3 Blackstone's Com. 395, 396; *Terrill* v. *VanBibber,* 3 La. Ann. 634; *Taylor* v. *Runyan,* 3 Clarke, (Iowa,) 474; *Cooper* v. *Insurance Co.* 3 Col. 321; *McNulty* v. *Hurd,* 72 N. Y. 521; *Eastham* v. *Sallis,* 60 Texas, 576; *Railroad Co.* v. *Chicago,* 53 Ill. 80; *Anderson* v. *Field,* 6 Bradw. 307; *Owners of Lands* v. *People,* 113 Ill. 296; *Martin* v. *Barnhardt,* 39 id. 9; *Edwards* v. *Evans,* 61 id. 492; *Faulk* v. *Kellums,* 54 id. 188; *Lincoln* v. *Cross,* 11 Wis. *91; *Ling* v. *King,* 91 Ill. 571.

The court below should have quashed the execution, because at the time the same was issued there had been no judgment entered. Rev. Stat. 1880, chap. 25, secs. 14, 16; chap. 77, secs. 1, 4; Practice act, sec. 66; *Ling* v. *King,* 91 Ill. 571; *Cummins* v. *Holmes,* 109 id. 15; *Baker* v. *Barber,* 16 Bradw. 621; *King* v. *French,* 2 Saw. C. C. 441; *Marvin* v. *Herrick,* 5 Wend. 109.

Messrs. KRAUS, MAYER & STEIN, for the defendants in error:

Court is open from the commencement of the term until its close or adjournment *sine die,* and the whole term is regarded as one day. *Richardson* v. *Beldam,* 18 Bradw. 527; *Railroad Co.* v. *Hand,* 7 Kan. 380; *Barrett* v. *State,* 1 Wis. 156.

A judgment by confession will not be opened, unless it appears the defendant has a meritorious defence. *Hempstead* v. *Humphrey,* 38 Ill. 90; *Rising* v. *Brainard,* 36 id. 79; *Farwell* v. *Meyer,* id. 510; *Ball* v. *Miller,* 38 id. 110; *Stuhl* v. *Shipp,* 44 id. 133; *Knox* v. *Savings Bank,* 57 id. 330.

A term of court is to be regarded as one day, and the law takes no notice of parts of a day, except when the priority of one legal right over another depends upon the order of events occurring during the same day. *Richardson* v. *Beldam,* 18 Bradw. 527; *Chiniquy* v. *People,* 78 Ill. 571; *Keith* v. *Kellogg,* 97 id. 147; *Railroad Co.* v. *Chamberlain,* 84 id. 333; *Boon* v. *Moline Plow Co.* 81 id. 293; *Shoemate* v. *Lockridge,* 53 id. 503; *Barrett* v. *State,* 1 Wis. 175; *Railroad Co.* v. *Hand,* 7 Kan. 380.

The fact that the attorney confessing exceeded his power, is no ground for setting aside the judgment. *Stewart* v. *Banking Association,* 78 Ill. 596; *Knox* v. *Savings Bank,* 57 id. 330; *Zuckermann* v. *Solomon,* 73 id. 130; *Frye* v. *Jones,* 78. id. 627; *Campbell* v. *Goddard,* 117 id. 251; *Davenport* v. *Wright,* 51 Pa. St. 292; *Adam* v. *Arnold,* 86 Ill. 185.

The fact that the statute has regulated the mode of procedure, does not convert the proceeding into one of such special statutory character that the same presumptions do not obtain as in the case of ordinary judgments of superior courts of general jurisdiction. *Bush* v. *Hanson,* 70 Ill. 480.

A judgment by confession should, and must, be supported by the same presumptions as if entered after trial. *Bush* v. *Hanson,* 70 Ill. 480; *Osgood* v. *Blackmore,* 59 id. 261; *Allen* v. *Norton,* 6 Oregon, 344.

The law of this State does not require the recording or docketing of the judgment before an execution can issue. Rev. Stat. chap. 77, secs. 1, 4; Freeman on Judgments, secs. 38, 67, 87; Freeman on Executions, 24; *Schirmer* v. *People*, 33 Ill. 276; *Day* v. *Graham*, 1 Gilm. 441; *Fish* v. *Emerson*, 44 N. Y. 378.

No condition or requirement different from that applicable to other judgments, applies to those by confession. *Bush* v. *Hanson*, 70 Ill. 480; *Conkling* v. *Ridgely*, 112 id. 42; *Allen* v. *Norton*, 6 Oregon, 344.

In *Jewett* v. *Fink*, 47 Wis. 446, an attempt was made, by evidence *dehors* the record, to show that what purported to be the judgment was signed by the clerk alone. The court says: "There is nothing in the record which warrants the presumption that the judgment was entered by the clerk alone. On the contrary, the presumption is, that it was rendered in open court. The record itself so imports on its face, and that is conclusive upon the question." See, also, *Barnett* v. *Wolf*, 70 Ill. 81; *Harris* v. *Lester*, 80 id. 314; *Herrington* v. *McCollum*, 73 id. 482; *Wiley* v. *Southerland*, 41 id. 25; *Koren* v. *Roemheld*, 7 Bradw. 646; *Reed* v. *Sutton*, 2 Cush. 115; *Willard* v. *Whitney*, 49 Maine, 235.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

It appears from the record in this court, the June term, 1886, of the Superior Court of Cook county, convened on the 7th day of June, 1886, the Hon. Elliott Anthony, one of the judges of that court, presiding; that afterwards, on the 17th of the same month, in the same year, there was filed in the office of the clerk of that court a certain declaration, note and warrant of attorney, affidavit and *cognovit*, all of which appear in full in the transcript filed in this court; and afterwards, on the 17th day of June, 1886, the same being one of the days of the June term of said court, a judgment by confession was

entered, in favor of Leopold Schlesinger and David Mayer, against Peter Hansen, Joseph A. Hansen and Daniel B. Hansen, for the sum of $5375.04. On the 26th day of June, 1886, being one of the days of the said June term of court, defendants appeared, and entered their motions to have the record amended, and to have the judgment rendered against them set aside, and to quash the execution that had been issued on such judgment. These several motions were overruled by the court, and its decisions in that respect were subsequently affirmed by the judgment of the Appellate Court for the First District.

Although the questions raised on this record have been elaborately argued, the views entertained by this court may be briefly stated. Most of the principles of law applicable have been definitely settled by the previous decision of this court in *Roche* v. *Beldam*, 119 Ill. 320, and need no further discussion.

The amendment which the defendants asked should be made was, that the record should be corrected so as to show "that the branch of the court which is presided over by the Honorable Elliott Anthony, one of the judges thereof, did not open on the 17th day of June, 1886, and the judge did not take his seat on the bench, till ten o'clock in the forenoon of that day; that the direction to enter such judgment, and pursuant to which it was entered, was indorsed by the judge upon the declaration filed in the cause, to which was then attached the *cognovit*, note and warrant of attorney filed therewith; that such indorsement was made before the hour of ten o'clock in the forenoon of said 17th day of June, and outside of the court room which was at that date occupied and used by said judge for the holding of his branch of said court." There is nothing in this record that shows it was error, or even irregular, if the direction given to enter the judgment was in fact made before the hour of ten o'clock on the day it was rendered. It does not appear, from anything in this record, that the court was

not then in open session. All that appears is, that the court convened for that term on the 7th day of June, 1886, and continued in session until this judgment was rendered. Of course, the presumption will be indulged, the court took the usual recess from one day to the next, and over Sundays; but at what hour it announced it would resume its sessions on the succeeding days, nowhere appears in the record. It might have been at nine o'clock in the forenoon, for anything that appears in this record. Nor is there anything to show the direction given by the judge to enter the judgment, was made "outside of the court room" which at that date was used by him for holding a branch of the Superior Court. The record, in this respect, is absolutely silent.

It is plain, therefore, there was no error in the court in refusing to amend its record. Indeed, it does not appear there was anything to amend by. It seems idle to present affidavits of the clerk of the court, to advise the judge presiding at the same term whether he had directed a judgment to be entered while the court was in session for business, or at an hour when he was not transacting the business of the court. The theory of the law is, that at the same term all proceedings rest in the breast of the judge of the court, and he can amend his record according to the facts within his own knowledge. The record shows the judgment in this case was rendered in term time, and although it was rendered upon a *cognovit,* the same presumptions in its favor will be indulged as in the case of ordinary judgments of courts of general jurisdiction. (*Bush* v. *Hanson,* 70 Ill. 480.) But aside from this view, it was expressly ruled by this court in *Roche* v. *Beldam, supra,* it could not be shown by parol, the judgment was in fact rendered at an hour earlier than the time appointed for the convening of the court, simply by an order of the judge "at chambers," in opposition to the record to the contrary. It was for the reason the record imports verity, and can not be contradicted by parol.

In respect to the other branch of the motion, unless some equitable ground was shown the judgment could not be set aside and the execution quashed. (*Rising* v. *Brainard*, 36 Ill. 79; *Farwell* v. *Meyer*, id. 510.) None has been shown in this case. There is no pretense the judgment was not confessed for the exact amount honestly due to plaintiffs from defendants. If the attorney waived more than he was authorized to do by the warrant of attorney, in respect to defendants' right to an appeal or writ of error, it is obvious it did them no harm, for they have now had their day in court, notwithstanding the action of their attorney of which complaint is made.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*