## Mary M. Ward and Sylvester C. Ward v. James White and James N. Shafter.

1. JUDGMENTS BY CONFESSION—*Irregularities Held Immaterial.*—In a judgment entered by confession in open court it appeared that there was no entry by the clerk, of the case in which it was rendered, or the docket of the court, or the trial calendar, or upon the clerk's docket; and there were no minutes of the judge on his docket of the entry of the judgment or the finding of the court thereon; but *it was held* that the recitals of the judgment itself as recorded in the judgment record and the declaration and files entered by the clerk sufficiently showed that the court had jurisdiction to enter and did enter the judgment.

2. JUDGMENTS—*Where Void.*—A judgment is not void unless the court is without jurisdiction of the parties or subject-matter of the suit.

3. JURISDICTION—*Of the Person, How Acquired.*—Jurisdiction of the person may be acquired by entry of appearance in person or by attorney.

4. SAME—*Proof of.*—The judgment record is conclusive proof of the necessary jurisdictional facts, which it recites unless contradicted by the record itself.

**Bill to Set Aside a Judgment.**—Appeal from the Circuit Court of DeKalb County; the Hon. CHARLES KELLUM, Judge, presiding. Heard in this court at the December term, 1895. Affirmed. Opinion filed June 1, 1896.

W. C. KELLUM and GEORGE BROWN, attorneys for appellants.

THOS. M. and JAS. W. CLIFFE, attorneys for appellees.

MR. JUSTICE LACEY DELIVERED THE OPINION OF THE COURT. This was a bill in equity by appellants to set aside a judgment for $96.62, rendered against them in favor of James White, the appellee, in the Circuit Court of DeKalb County, at its December term, 1894.

There was filed in the suit a declaration declaring on a certain promissory note given by said Mary M. Ward and Sylvester Ward to W. F. Sell, indorsed to appellee.

There were filed in court on the day of the judgment, the

note and warrant of attorney for appellants to confess judgment, together with the cognovit and an attorney of the court to confess judgment on the note.   There was also filed proof of the execution of the note and warrant of attorney in proper form.   There was entered as appears of record in said court, on December 6, 1894, a judgment in said suit in proper form, reciting the proceedings in full as above, and it is in every way complete upon its face.

Upon hearing, on motion to dissolve the temporary injunction upon answer and affidavit filed, the injunction was dissolved, and as that was the sole remedy sought, the bill was dismissed.

It appears that there was no entry by the clerk of the case in which judgment was rendered, on the docket of the court, or the trial calendar, or the judge's docket, or upon the clerk's docket, and there were no minutes of the judge on his docket of the entry or the judgment or the finding of the court thereon.

The judgment appears to have been entered in open court.

It is insisted that the Circuit Court obtained no jurisdiction of the case, to enter the judgment, for the reason that there was no "note, minute or memorandum made by the judge," or under his direction, upon the docket of the term or upon the papers, files or some memorial paper found of record in the court.

It is insisted, for want of these the judgment can only be regarded as having been entered by the clerk without authority of the court.

We do not think the contention of the appellant is well founded.   The recitals in the judgment itself as recorded in the judgment record of the court and the declarations and files entered by the clerk show that the court had full jurisdiction to enter the judgment, and that it did enter it. The court, according to the files and recitals in the judgment, had full jurisdiction of the subject-matter of the suit and of the parties.

The court may have proceeded irregularly in not having

the cause docketed, and in not making a memorandum on its docket of the hearing and order. for judgment. The court had power to pass on the case orally and order the clerk orally to enter the judgment and the duty of the clerk was to enter the judgment accordingly. He did this and the judgment itself is verity and can not be contradicted. A judgment is not void unless the court is without jurisdiction of the parties or subject-matter of the suit. Jurisdiction of the person may be acquired by entry of appearance in person or by attorney.

In this case it was entered by an attorney in fact, in regular form. Gardner v. Bunn, 132 Ill. 410. The judgment record itself is conclusive proof of the necessary jurisdictional facts which it recites. Johnson v. Miller, 55 Ill. App. 177. The clerk is a mere ministerial officer and enters only such orders and judgments as he is ordered by the court. The recitals in a judgment is conclusive unless contradicted by the record itself. Anderson v. Field, 6 Brad. 309.

The following are cases illustrative of this principle, viz.: Koren v. Roemheld, 7 Brad. 650; McVeagh v. Locke, 23 Ill. App. 606; Jasper v. Schlesinger, 22 Ill. App. 640; Roach v. Beldam, 119 Ill. 320; Weigley v. Matson, 125 Ill. 66; also Weigley v. Matson, 24 Ill. App. 182, a case very similar to the case under consideration.

Seeing no error in the record the decree of the court below dismissing the bill is affirmed.