## Toledo Computing Scale Company, Appellant, v. A. C. Johnson, Trustee, Appellee.

1. JUDGMENT, § 11*—*when presumed to have been entered.* Where there is no proof as to when a judgment was in fact entered, it will be deemed to have been entered before execution upon it is issued.

2. JUDGMENT, § 373*—*when imports verity.* A judgment entered before the execution thereon imports a verity, and, in the absence of fraud, cannot properly be attacked by parol evidence, especially in a collateral proceeding.

3. EXECUTION, § 183*—*when cannot be questioned collaterally.* Where all the steps taken in connection with an execution and levy appear to be regular, they cannot be questioned in a collateral proceeding.

4. EXECUTION, 64*—*when lien prior to that of conditional vendor.* The lien of an execution creditor secured by levy of execution upon goods sold under conditional contract, title to remain in vendor until purchase price is fully paid, takes priority over that of the conditional vendor.

5. BANKRUPTCY, § 8*—*when trustee entitled to possession as against conditional vendor.* Under the Federal Bankruptcy Act, sec. 67, providing that "claims which for want of record or other reasons would not have been valid liens as against the claims of the creditors of the bankrupt, shall not be liens against his estate," and subrogating the trustee in bankruptcy to the rights of the creditor for the benefit of the estate, the trustee is entitled to possession of personal property sold under conditional contract, title being retained in vendor until the purchase price was fully paid, where the goods are taken under execution by an execution creditor, as against the claim of such conditional vendor.

6. SALES, § 432*—*when vendor on conditional sale entitled to possession.* One who sells goods under conditional contract, title to be retained in vendor until purchase price is fully paid, has a right to take possession of the property upon default as against the claim of the vendee.

7. BANKRUPTCY, § 8*—*when vendor on conditional sale entitled to possession as against trustee.* A conditional vendor of personal property is entitled, upon default, to the possession of the property as against the trustee in bankruptcy of the vendee, as such trustee acquires no greater rights therein than the bankrupt.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Appeal from the City Court of East St. Louis; the Hon. W. M. VANDEVENTER, Judge, presiding. Heard in this court at the October term, 1914. Reversed and remanded. Opinion filed May 1, 1915. Rehearing denied July 7, 1915.

N. C. LYRLA, for appellant.

W. L. COLEY, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This is an appeal from a judgment in a replevin suit wherein appellant sought to obtain possession of two sets of computing scales. The court which heard the case, without a jury, found appellee was entitled to possession of the scales and awarded him a writ of *retorno habendo* and gave judgment against appellant for costs. Appellant here seeks to reverse the judgment of the city court of East St. Louis, which tried the case, on the ground that the evidence showed appellant's right to recover the goods.

There was no controversy in the proofs which disclosed the following facts: In January, 1912, the W. J. Kane Grocery Company, a partnership composed of W. J. Kane and Richard Gither, doing business in East St. Louis, purchased of appellant two sets of computing scales for $170, the same to be paid for in instalments, according to the terms of a written contract then entered into between the parties to the sale, which also provided that the title to such scales should remain in appellant until the purchase price or judgment for the same should be paid in full; and that upon default in payment of any instalment, the remaining instalments should at once become due and payable and that appellant's agents might take possession of and remove said scale without legal process, and that all payments theretofore made should be kept by appellant and deemed as having been made for the use of the scale during the time it remained in the

possession of said grocery company. On December 19, 1912, Armour & Company obtained a judgment before a justice of the peace against the members of the grocery firm for $100.77. Affidavit was made for an immediate execution which was issued to P. F. Erwin, a constable, who on the same day levied on a portion of the stock of the company. While it does not appear in the list of goods on the back of the execution, yet it was shown that the constable, in addition to the things therein mentioned, took possession of one set of said computing scales. On the following day the grocery partnership made an assignment to A. C. Johnson for the benefit of its creditors, and among other property taken possession of by the assignee was the other set of scales. On December 23, 1912, appellant prepared a notice addressed to Armour & Company, P. F. Erwin, constable, A. C. Johnson, trustee, and W. J. Kane Grocery Company, demanding that they deliver up to it or its attorney both of said computing scales. At that time there had been paid on the scales by the grocery company the sum of $112, leaving a balance of $58, and default had been made in payments due for that amount. Appellant failed to get the scales demanded, and on December 26th sued out a writ of replevin before a justice of the peace and the case subsequently went by appeal to the Circuit Court, with the result above mentioned. On January 16, 1913, the grocery partnership filed a voluntary petition in bankruptcy, and on that day appellee was appointed trustee in bankruptcy of the estate of the bankrupts. Thereafter, appellee filed a petition addressed to the referee in bankruptcy setting forth the suit, execution and levy, that the constable was threatening to sell under said execution and asking for an order restraining the sale and for the turning over of said property to him, and that he be subrogated to the rights of Armour & Company under the execution. In compliance with the petition, the referee ordered "that the above named Armour & Company, and P.

F. Erwin, constable, be and they are hereby directed to surrender the property seized under the execution mentioned in said petition to A. C. Johnson, trustee of said estate to be by him administered in this cause, according to law, and that Armour & Company are hereby directed to file their claims against said estate in this cause for allowance and payment according to law." Thereafter, appellee and Armour & Company submitted to the referee in bankruptcy the question as to whether the trustee or Armour & Company had priority of claim as to the goods taken by Armour & Company under execution against the grocery company, and it was held that by reason of the judgment and levy having been made within four months prior to the time of the filing of the petition in bankruptcy, that any lien procured by Armour & Company under the facts presented in the stipulation of the parties presented to the referee should be discharged. In the meantime, appellee Johnson had taken an appeal to the Circuit Court of St. Clair county, from which a supersedeas was issued on January 31, 1913, to the justice who tried the case and the suit was subsequently, on change of venue by agreement of the parties, tried in the City Court of East St. Louis.

The facts in the case having been undisputed, the question on the trial was as to the rights of the respective parties to said computing scale under the law as applicable to such facts. Seven propositions of law were submitted by appellant to be held by the court, five of which were refused and two given. The two which were given held: First, that under the contract introduced in evidence, appellant had the right to retake the property in question upon default being made in the terms of said contract, proper demand having been made of the defendants. We assume that this proposition of law referred to the right of appellant to retake its property from the grocery company and that the word "defendant" used in the proposition referred to members of the grocery firm. Second, that

the purported assignment executed by the grocery company to Johnson conferred no title to the property in controversy and did not defeat or extinguish the title of the plaintiff in said property, but that said assignment for the benefit of creditors to said Johnson was inferior and subject to the right and claim of appellant to the property in controversy. This proposition of law referred to the assignment made by the grocery company to Johnson for the benefit of the creditors of the firm and not to the assignment in bankruptcy, and the sustaining by the court of both these propositions was correct. The propositions refused set out the contentions of appellant as relied upon here by it for the reversal of the case. They are: That the execution was void and conferred no lien for the reason that there was no valid existing judgment at the time of the issuing of the execution; that no valid levy was made upon the property in question; that there was no evidence in the record to show that the person who held the execution and attempted to levy it was an officer *de jure;* that there was no evidence that the amount called for in the execution was due and unpaid, and that the property in controversy was taken in pursuance of the execution. In regard to the first proposition, the testimony of appellant's attorney was admitted to show that he had examined the docket of the justice of the peace on the day the replevin writ was issued and that he found no judgment written up in the Armour suit against the grocery company. The docket of the justice, however, was introduced on the trial of this case and showed the judgment in favor of Armour & Company against the members of the firm of the grocery company, duly entered on December 17th, for $100.77 and costs of suit. There was no proof as to when this judgment was in fact entered, and we must assume that it was entered before the execution upon it was issued. A judgment so entered imports a verity, and in the absence of fraud cannot properly be attacked

by parol evidence, nor can it properly be attacked in a collateral proceeding such as this. *West Chicago St. R. Co. v. Morrison, Adams & Allen Co.*, 160 Ill. 288; *Roche v. Beldam*, 119 Ill. 320; *MacVeagh v. Locke*, 23 Ill. App. 606; *Richardson v. Beldam*, 18 Ill. App. 527. While the above authorities relate to judgments of courts of record, we see no reason why they should not apply with the same force to judgments of justices of the peace where no fraud is charged or appears and the attack is collateral as in this case. Nor do we think the other contentions of appellant in relation to the execution and the levy of the same are well founded, as so far as the proofs here are concerned, all the steps taken in connection therewith appear to have been regular and cannot be questioned in this collateral proceeding.

In *Gilbert v. National Cash Register Co.*, 176 Ill. 288, it is said, the doctrine laid down being quoted from *Harkness v. Russell*, 118 U. S. 678: "In Illinois 'if a person agrees to sell to another a chattel on condition that the price should be paid within a certain time, retaining the title in himself in the meantime, and delivers the chattel to the vendee so as to clothe him with an apparent ownership, a bona fide purchaser or execution creditor of the latter is entitled to protection as against the claim of the original vendor.'" It is also there said: "Whatever may be the rule in other jurisdictions, it is well settled in this State that the owner of personal property will not be permitted to sell it, either absolutely or conditionally, and still continue in possession of it. The party in possession of personal property is presumed to be the owner of it, possession being one of the strongest evidences of title to personal property." The levy of the execution of Armour & Company therefore constituted a superior lien upon the cash register taken in possession by the constable to that claimed by appellant. Section

67 of the Federal Bankruptcy Act provides that "claims which for want of record or for other reasons would not have been valid liens as against the claims of the creditors of the bankrupt, shall not be liens against his estate." By the authority conferred by the same section of the Bankruptcy Act, the trustee in bankruptcy succeeded to all the benefits of the Armour execution. By virtue of the levy under the Armour execution, the constable was entitled to possession of the computing scale taken by him, and by virtue of the bankruptcy proceeding appellee, as trustee, succeeded to that right and was entitled to retain possession of said scale, and the finding of the court below so far as that scale was concerned was correct. As regards the scale held by the assignee under the assignment, which had never been taken into possession under the Armour execution, an entirely different situation appears to be presented. As against the grocery company, appellant had a right to take possession of the scale for default in its contract. *Hooven, Owens & Rentschler Co. v. Burdette,* 153 Ill. 672.

Under section 70 of the Bankruptcy Act, the trustee succeeded to the property rights of the bankrupt grocery partnership, and no preference having been made as to creditors and nothing having been done to effect the rights of appellant, the trustee could have no greater rights or claims to the property as against appellant than the creditor, that is the grocery firm itself. While the constable might have levied on this scale also, he did not do so but left it in possession of the grocery company. Appellant therefore had the right to the possession of the scale under its contract, as against its debtor and also as against the trustee, and the court below should have sustained appellant's claim to the possession of the scale last mentioned.

For the error above indicated as having been committed in regard to the holding concerning the right of

possession to the computing scale not levied upon under the execution of Armour & Company, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*