**KARNES v. KECK et al.**

**No. 524–D.**

District Court, E. D. Illinois.

Aug. 22, 1935.

Scerial Thompson, of Harrisburg, Ill., G. L. Grant, of Springfield, Ill., and Thurlow G. Lewis, of Benton, Ill., for plaintiff.

George W. Dowell, of Du Quoin, Ill., Nobel Y. Dowell, of East Peoria, Ill., C. C. Dreman, of Belleville, Ill., D. W. Johnston, of Taylorville, Ill., and Lloyd H. Melton, of Harrisburg, Ill., for defendants.

LINDLEY, District Judge.

The defendants file herein their motion to dismiss the action, alleging that the same is barred by the statute of limitations of Illinois. Plaintiff seeks to recover damages for personal injuries sustained by him, according to the allegations of his complaint, on May 21, 1933. Affidavits in support of the motion disclose that the alleged assault, from which the injuries are claimed to have resulted, occurred on May 21, 1933. Counsel for plaintiff stipulate that the assault occurred on that date.

The records show that the complaint was filed in February, 1935, but that no summons was issued until May 23, 1935. Under the act of Congress (28 USCA § 725), the laws of the several states, including statutes of limitation, are binding upon the courts of the United States, unless in conflict with the Constitution and laws of the federal government. Bauserman v. Blunt, 147 U. S. 647, 652, 13 S. Ct. 466, 37 L. Ed. 316 and cases there cited. There being no federal statute of limitations in conflict with that of Illinois, the latter governs.

By Smith-Hurd Ann. St. Ill. c. 83, § 15, it is provided that actions for damages for personal injuries shall be commenced within two years next after the cause of action accrued. Section 5 of the Illinois statute covering practice (Smith-Hurd Ann. St. c. 110, § 129) provides that each civil action "shall be commenced by the issuance of a summons." It would seem clear, therefore, that the present action was not commenced, within the meaning of the statute, within two years.

This conclusion is sustained by the decisions of the Supreme Court of Illinois which has held repeatedly that a suit is not legally begun, so as to stop the running of the statute of limitation, until a summons has been issued to bring defendant into court. This, says the court, is one of the most familiar and best-settled rules of the law. See Chicago & N. W. Ry. Co. v. Jenkins, 103 Ill. 588; Collins v. Manville,

170 Ill. 614, 615, 48 N. E. 914. The rule is to the same effect in other states. See Hekla Ins. Co. v. Schroeder, 9 Ill. App. (9 Bradw.) 472; Angell on Limitations, § 312; Hancock v. Ritchie, 11 Ind. 48; Evans v. Galloway, 20 Ind. 479; Burdick v. Green, 18 Johns. (N. Y.) 14; Ross v. Luther, 4 Cow. (N. Y.) 158, 15 Am. Dec. 341; Lamkin v. Nye, 43 Miss. 241; Davis v. Duffie, 18 Abb. Prac. (N. Y.) 360; Webb v. Pell, 1 Paige (N. Y.) 564; Hayden v. Bucklin, 9 Paige (N, Y.) 512; Updike v. Ten Broeck, 32 N. J. Law, 105; Bronson v. Earl, 17 Johns. (N. Y.) 63; Mason v. Cheney, 47 N. H. 24; People v. Clark, 33 Mich. 112.

■ Plaintiff insists, however, that the summons was issued on May 21, 1935, and in support thereof submits the affidavit of the chief deputy clerk in which it is stated positively that the issuance was on May 21st. The minutes of the clerk show issuance on May 23d. The marshal's minutes show receipt of the writs on May 23d. The summons is dated May 23d.

■■ The statutes of Illinois provide that "every civil action, unless otherwise expressly provided by statute shall be commenced by the issuance of a summons. The clerk shall issue summons upon request of the plaintiff." Smith-Hurd Ann. St. Ill. c. 110, § 129. The Illinois courts have held that "the record proper in a suit at law consists of the process by which the defendant is brought into court, *including the sheriff's return,* the declaration, pleas, demurrer, if there is any; also any judgment upon demurrer, or other judgment, interlocutory or final" (Van Cott v. Sprague, 5 Ill. App. 99, 101), and that "our practice with regard to the making of records of judgments is different from that which obtained at common law. The papers of a case, when filed, under our statute become a part of the record as fully as if copied into the record book of the court." Velde et al. v. Schrock et al. (1929) 253 Ill. App. 274, affirming Harding v. Larkin et al., 41 Ill. 413. In Baldwin v. McClelland, 152 Ill. 42, 38 N. E. 143, 144, the court held that "to constitute a complete record, it must be shown that the court had jurisdiction of the subject-matter, jurisdiction of the person of the defendant, and the determination of the cause by the court. Hence the pleadings, the process, and return of service, or its equivalent, by *which the court acquired jurisdiction of the person,* and orders of the court, are necessarily includ-ed in a proper record. *A record thus made imports verity."* Baldwin v. McClelland, 152 Ill. 42–52, 38 N. E. 143. It follows that the summons and all its contents are part of the official records of the court, and import verity. Of all parts of such records the court takes judicial notice. Taylor v. Adams, 115 Ill. 570, 4 N. E. 837; Milwaukee Ins. Co. v. Schallman, 188 Ill. 213, 59 N. E. 12.

■ The question immediately arises then as to whether parol evidence may be received or considered, to impeach or vary the record. Where a party attempted to show that the record of a judgment of a justice of the peace had been changed, the court, in Garfield v. Douglass, 22 Ill. 100, 74 Am. Dec. 137, said: "The entry upon the justice's docket was a judgment in bar; and *the policy of the law forbids that parol proof should be admitted* to show, that the justice originally entered a judgment of non-suit and afterwards changed it, to a judgment in bar. The record or entry of the justice, is *higher and more trustworthy than any parol evidence can be. If one record is opened to be questioned by parol evidence then another must be, and all security and confidence in the stability of records are gone."* The record of a court can never be contradicted, varied, or explained by evidence dehors the record itself. A record imports absolute verity, and it must be tried and construed by itself. Wabash,. St. L. & P. Ry. Co. v. Peterson, 115 Ill. 597, 598, 6 N. E. 412. See, also, People v. Board of Sup'rs of Madison County, 125 Ill. 334, 335, 17 N. E. 802; People v. Carr, 231 Ill. 502, 83 N. E. 269; O'Connell v. Chicago Term. R. Co., 184 Ill. 308, 56 N. E. 355; Chaplin v. Highway Commissioners, 129 Ill. 651, 22 N. E. 484; Troxell v. Dick, 216 Ill. 98, 74 N. E. 694; People v. North Fork D. Dist., 331 Ill. 68, 79, 162 N. E. 184; People v. Carr, 265 Ill. 220, 106 N. E. 801; People v. Hartquist, 311 Ill. 127, 142 N. E. 475; People v. Prather, 322 Ill. 280, 283, 153 N. E. 382; Harris v. Lester et al., 80 Ill. 307, 308. Where there was an attempt to impeach the record by an affidavit the court said: "The affidavit makes out a prima facie case, but we can not act on it and give it effect as against the certificate of the clerk." Owen v. Stevens et al., 78 Ill. 462.

■ Carried to a logical conclusion, the rule inevitably must cover all parts of the record, including the date of writs. Thus in Wiley v. Sutherland, 41 Ill. 25, after

discussing the doctrine as defined in Garfield v. Douglass, supra, the court said: "The case at bar clearly falls within the principle here laid down. It is not pretended that the entry of the judgment was not made by the magistrate, but it is insisted that he affixed to it a false date. The date of the judgment is as material as any other portion of it, and can no more be contradicted by parol evidence than the amount or character of the judgment. * * * It is one of the fundamental principles of the law, that a record must be taken as speaking the absolute truth. Rare cases of hardship may arise under the inflexibility of this rule; but it is, nevertheless, better that the rule should remain inflexible, rather than rights and titles established by judicial proceedings should be set adrift upon the uncertain sea of parol testimony. The immense evils of such a practice will at once occur to the mind of every lawyer. * * * If, then, parol testimony were admissible, the complainant's case would stand solely upon the evidence, that the magistrate stated orally, subsequently to the date of the judgment, that he held the case under advisement, and had rendered no judgment."

In Roche v. Beldam, 119 Ill. 320, 10 N. E. 191, 192, the court held that it could not be shown by parol, "the judgment was in fact rendered * * * at an hour earlier than the time appointed for the convening of the court, * * * simply by an order of the judge * * * 'at chambers,'" in opposition to the record to the contrary. It was for the reason the "record * * * imports verity, and cannot be contradicted by parol," followed in Hansen v. Schlesinger, 125 Ill. 230, 17 N. E. 718. Other authorities agree that the rule forbidding impeachment of records by parol evidence includes the official dates included therein. Thus in 22 C. J. 1081, it is said: "A statement of the record as to the time of signing or entering up a judgment is a material part thereof and hence cannot be contradicted by parol or extrinsic evidence; and the same rule applies to orders, except in a direct proceeding to set them aside."

See, to the same effect, Bush v. Byvanks, 2 Root (Conn.) 248; Wiley v. Southerland, 41 Ill. 25; Dillman v. Nadelhoffer, 23 Ill. App. 168; Manion v. Brady (Iowa) 126 N. W. 801; Nolan v. Babin, 12 Rob. (La.) 531; Den ex dem. v. Downam, 13 N. J. Law, 135; Steinbarger's Adm'r v. Steinbarger, 19 Ohio, 106; Ben-

nett v. Tiernay, 78 Ky. 580, 1 Ky. Law Rep. 312.

Despite the importance of the case and of this ruling, so far as it affects plaintiff's remedy, I know of no rule that would justify any attempt to evade what is apparently well recognized as a true principle of law. The record here must control, and on its face the summons was issued after the statute of limitations had run its course. Hence the action is barred, and defendants' motion must prevail and the suit be dismissed. Such will be the order of the court.